**AT THE US COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| In re: | No. |
| Gayle George, | VERIFIED PETITION FOR WRIT OF MANDAMUS PURSUANT TO 18 U.S.C. § 3771, CRIME VICTIMS' RIGHTS. |
| Relator, | |
| v. | |
| Judges of the United States District Court of the District of Columbia | |
| US Marshall Service of the Superior | |
| Respondent. | |

## I. Facts on Which Claim for Relief is Based

1. On or May 31, 2024 Relator placed the following issue before Respondent: Bill Quia Timet action in equity to quiet title, remove clouds, preserve equitable interest, and prevent irreparable harm because she fears the implications of criminal violations of due process and constitutional protections from any unlawful judicial taking of private property.

2. Potentially Interested Parties (Respondents) added to the case as defendants by discretion of the US District Court: US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, Superior Court of the District of Columbia, US Marshals Service of Superior Court of the District of Columbia, and BWW Law Group.

3. Respondent granted Relator's second amended Bill Quia Timet action in equity with an emergency injunction on August 28, 2024 naming potentially interested parties as defendants.

4. Relator filed a Motion for Default Judgment on November 5, 2024 against named defendants and secured defaults against US Bank and BWW Law Group on November 18, 2024.

5. Respondent issued a show cause order and stayed the matter pending Relator's response to why the court should not dismiss for lack of subject matter jurisdiction on November 18, 2024.

6. Relator filed the show cause response on November 28, 2025, followed by another emergency injunction and Motion for Hearing to stop parties' continuous activities to impose irreparable harm on Relator as well as a Motion for Summary Judgment on December 4, 2024.

7. Respondent has not responded to Relator's show cause response or any of the critical motions for emergency and injunctive relief which have followed since November 11, 2024.

8. Relator is significantly prejudiced by Respondent's inaction evidenced by being forcibly removed from her private shelter of 18 years at gunpoint by armed officers of the US Marshals Service to execute an unlawful writ issued on a fraudulent order while being named by the U.S. District Court court as a Defendant party to a pending case.

9. Respondent is solely responsible for reaching a decision and/or taking action on Relator's issue which was placed before the US District Court to protect Relator from further irreparable harm.

## II. Jurisdiction

10. Pursuant to the Circuit Rule 21 of the United States Court of Appeals for the District of Columbia this court has jurisdiction to issue writs of mandamus.

## III. Legal Standard

11. Mandamus lies to compel an official to perform prescribed duties that are clear and unequivocal when the responsibility to act is imperative and the petitioner shows substantial damage will result from failure to perform the act. Burns v. City of Madison, 92 Wis. 2d 232, 284 N.W.2d 631 (1979)

12. Morris v. Gilmer, 129 U.S. 315 (1889) "When the record discloses a controversy of which a circuit court cannot properly take cognizance, its duty is to proceed no further and to dismiss the suit, and its failure or refusal to do so is an error which this Court will correct of its own motion, when the case is brought before it for review."

13. Federal courts have a legal duty to resolve disputes involving federal laws, the Constitution, and diversity suits between parties from different states.

14. As public trustees, judicial officers have a duty of care to always protect rights and interests of the beneficiary in her private capacity.

## IV. Discussion

15. To be entitled to a writ of mandamus, Relator must establish by clear and convincing evidence: (A) a clear legal right to the requested relief; (B) a clear legal duty on the part of the respondent to provide it; and (C) the lack of an adequate remedy in the ordinary course of the law."

16. "If a petitioner shows all these elements, the court cannot refuse to issue a writ of mandamus." In re T.H.T., 362 N.C. 446, 453–54 (2008).

17. Relator has a clear legal right to require Respondent to provide the requested relief.

18. Relator is entitled to relief based on the following: A bill quia timet action in equity to quiet title is a type of injunction that prevents future infringement upon constitutionally guaranteed protections to avoid additional future harm.

19. Relator has continued to be harmed by the actions of respondents named as defendants from which the district court has the power and legal duty to provide protection.

20. Pursuant to 18 U.S.C. § 3771, Crime Victims' Rights, Relator has suffered violations of "The right to be reasonably protected from the accused; the right to reasonable, accurate, and timely notice of any public court proceeding, ; The right not to be excluded from any such public court proceeding, the right to full and timely restitution as provided in law. The right to proceedings free from unreasonable delay among others.

21. Respondent has a clear legal duty to provide the relief requested by Relator as reflected in its duty to articulate disputes concerning the the violation of constitutional protection and application of federal law.[1]

22. Respondent is in a position that creates a legal obligation to perform this action because Respondent a judge with a legal duty to provide Relator with the requested relief.

23. Relator has no adequate remedy at law. To find that an alternative remedy exists, "The alternative must be complete, beneficial, and speedy in order to constitute an adequate remedy at law." State ex rel. Doe v. Gallia Cty. Common Pleas Court, 153 Ohio St.3d 623, 2018-Ohio-2168, 109 N.E.3d 1222,    12, quoting State ex rel. Ullmann v. Hayes, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245.

24. Adequate remedies in the ordinary course of the law include both equitable and legal remedies and if either remedy exists, Relator is not eligible for a writ of mandamus. In Relator's case, there is no alternative adequate remedy available as Relator is not able to address this issue through appeal, petition, or any other non-extraordinary remedy.

25. There is no other way to get remedy *because Relator has now been displaced without notice from her private shelter of 18 years in which she has claimed superior title and beneficial interest due to the court's failure to rule on its subject matter jurisdiction to hear or dismiss the matter or issue injunctive relief to protect Relator's equitable interests in the interim.*

26. Relator is entitled to a writ of mandamus because (A) they have a clear right to require Respondent to provide the requested relief; (B) there is a corresponding duty to act on the part of Respondent; and (C) there is no other adequate remedy in the ordinary course of the law for the indicated issues. Forsthoefel, 2020-Ohio-4951.

### V. Substantial Harm Should The Relief Not Be Granted

27. Relator has already been deprived of life and liberty by being unjustly displaced from private non-commercial property by federal agents without proper jurisdiction or unlawful orders.

---

[1] Morris v. Gilmer, 129 U.S. 315 (1889) "When the record discloses a controversy of which a circuit court cannot properly take cognizance, its duty is to proceed no further and to dismiss the suit, and its failure or refusal to do so is an error which this Court will correct of its own motion, when the case is brought before it for review."

28. Substantial harm can be presumed where actions implicate, violate, remove, deprive or delay fundamental constitutional protections. Such actions constitute significant material harm that is current, continued, ongoing and therefore irreparable by nature.

29. The denial of due process as just compensation inherent in actions which constitute a judicial taking of private property continues unaddressed through pending and ongoing claims is not the type of injury that can be corrected or compensated later.

30. The execution of a void judgement for possession which clouds title while reviews, appeals, investigations, and pending claims to superior title remain ongoing qualify as irreparable and material harm in both instances.

31. Petitioner is seeking protections of the court to maintain the pre-intrusion status quo and avoid the irreparable harm enforcement of a void judgment will cause while reviews, appeals, investigations, and claims to quiet title remain pending.

### VI. Relief Requested

**WHEREFORE**, Relator requests the following relief pursuant to Articles 1, 4, 5, and 6 of the Bill of Rights of the US Constitution which retains ultimate legislative authority over the District of Columbia:

1) That a writ of mandamus issue directing Respondents to take action as follows: determine the court's subject matter jurisdiction to hear petitioner's bill quia timet action in equity and/or issue a permanent injunction retroactively restoring the status quo of Relator's peaceable possession of private property pending the court's determination immediately upon receipt of this petition for writ of mandamus; and

2) If this Court declines to initially grant the first request for relief, that an alternative writ issue; and

3) Any other relief deemed just and proper relief to which Relator may be entitled.

Respectfully submitted,

By: _____

March 6, 2025

### Verification

I say here and will verify all herein be true and correct under the laws of the Almighty Creator.

District of Columbia

Signed and sworn to (or affirmed) before me

on **3, 6, 25** by **Gayle George**

_____ Date _____ Name(s) of Individual(s) making Statement

_____
Signature of Notarial Officer

**UPS notary public**
Title of Office

My commission expires: **12/14/2025**



## Certificate of Service

I certify a copy of the foregoing PETITION FOR WRIT OF MANDAMUS has been sent by regular U.S. mail to Respondent this 6th day of March, 2025.

DELIVERED to:

Name: All District Judges in and for the US District Court of the District of Columbia

District Judge Rudolph Contreras

District Judge Christopher R. Cooper

District Judge Tanya S. Chutkan

District Judge Randolph D. Moss

District Judge Amit P. Mehta

District Judge Timothy J. Kelly

District Judge Trevor N. McFadden

District Judge Dabney L. Friedrich

District Judge Carl J. Nichols

District Judge Jia M. Cobb

District Judge Ana C. Reyes

District Judge Loren L. AliKhan

District Judge Amir H. Ali

District Judge Sparkle L. Sooknanan

Barrett Prettyman United States Courthouse

333 Constitution Avenue Northwest, Suite 1500

Washington, DC 20001-2802

Phone: (202) 353-0600.


**Attachments**
**12 Order to Show Cause**
**13 Entry of Default**
**14 Entry of Default**
**15 Motion to Strike DCSC**
**17 Response to Show Cause Order**
**26 Motion to Strike US Bank/BWW**
**24 Motion for Emergency Injunction**
**28 Motion for Order to Show Cause**
**29 Objection to Opposition**
**31 Motion for Sanctions (Attorney Authority)**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GAYLE GEORGE,                 )
                             )
            Plaintiff,        )
                             )
    v.                       )          Civil Action No. 24-1598 (JMC)
                             )
US BANK, *et al.*,           )
                             )
            Defendants.      )
                             )

### ORDER TO SHOW CAUSE

This civil action commenced on May 31, 2024, when Gayle George ("George") filed a "Bill Quia Timet: TO QUIET TITLE, REMOVE CLOUD, AND PREVENT IRREPARABLE HARM FROM AN UNCONSCIONABLE CONTRACT," construed as a civil complaint (ECF No. 1, "Compl.").[1] George since has filed an amended complaint (ECF No. 3, "Am. Compl.") and second amended complaint (ECF No. 6, "2d Am. Compl."). The Clerk of Court issued summonses on August 9, 2024, and pursuant to Federal Rule of Civil Procedure 4(m), George served or attempted to serve process (ECF Nos. 5, 7) on U.S. Bank as Legal Title Trustee for Trueman 2016 SC6 Title Trust ("U.S. Bank"), Superior Court of the District of Columbia ("Superior Court"), United States Marshals Service ("USMS"), and BWW Law Group ("BWW Law").

---

[1]    George also filed an application for leave to proceed *in forma pauperis* (ECF No. 2). Because George paid the filing fee in full, the Court denied the application by Minute Order on June 28, 2024.

This matter is before the Court on George's Request for Entry of Default (ECF No. 8) and Motion for Default Judgment (ECF No. 9), and the Superior Court of the District of Columbia's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 11). The Court defers consideration of the pending motions and turns first to the question of this Court's jurisdiction.

## I. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because federal courts are "forbidden . . . from acting beyond [their] authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), judges have "an affirmative obligation 'to consider whether the constitutional and statutory authority exist for [the Court] to hear each dispute,'" *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992)); *see Ananiev v. Freitas*, 37 F. Supp. 3d 297, 305 (D.D.C.) ("The court must consider a lack of subject matter jurisdiction *sua sponte.*"), *aff'd*, 587 F. App'x 661 (D.C. Cir. 2014).

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). While the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged,'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)), it need not limit itself to considering the allegations of a complaint. The Court "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction to hear the case," *Scolaro v. District of Columbia Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing

*Herbert*, 974 F.2d at 197), and may take judicial notice of publicly available court dockets and filings, *see Henneghan v. Trafford*, No. 24-cv-0489 (CRC), 2024 WL 3471260, at *3 (D.D.C. July 18, 2024) (taking "judicial notice of public documents filed on a court docket"); *Yussuf v. Wells Fargo Bank, N.A.*, No. 18-cv-2118 (BAH), 2018 WL 6047412, at *2 (D.D.C. Nov. 19, 2018) (taking "[j]udicial notice of the Superior Court proceedings"). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." FED. R. CIV. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

**II. Discussion**

George purports to be "the beneficial interest holder of superior equitable title and allodial possession of property associated with the legal inscription 412 Quackenbos Street NW quadrant of the District of Columbia consisting of the land and private shelter[,]" Compl. ¶ 1, which serves as George's "private family home and personal shelter," *id.* ¶ 3. She alleges "[t]he events giving rise to [her] claim occurred through proceedings brought in the Superior Court of the District of Columbia regarding title and possession of" the Quackenbos Street property, 2d Am. Compl. at 4; *see* Am. Compl. at 4, by which U.S. Bank "unlawfully converted [her] constitutionally protected right to peaceful enjoyment and access to private property used for shelter[,]" Compl. ¶ 5. George "fears that the courts will continue to legitimize [U.S. Bank's] demonstrated intent to dispossess [her] of her shelter," *id.* ¶ 31, rendering her homeless because she "has no other place to live," *id.* ¶ 32.

George identifies the relevant Superior Court case, *see id.* ¶ 17, as *U.S. Bank, Nat'l Ass'n as Legal Trustee for Truman 2016 SC6 Title Trust v. George*, No. 2022-LTB-002161 (D.C. Super. Ct. filed May 5, 2022). She directs the Court's attention to the May 17, 2024, ruling of Judge Juliet McKenna "to allow a writ of restitution to issue on a long expired judgment for

possession," 2d Am. Compl. at 4, and a May 29, 2024, notice from the United States Marshals Service "of its intent to execute the unlawfully issued writ of possession" of the Quackenbos Street property, *id.*

On review of the Superior Court docket, it appears that George defaulted on a mortgage loan secured by the Quackenbos Street property, that U.S. Bank acquired the property at a foreclosure sale, that the Superior Court ratified the sale, that the Superior Court granted U.S. Bank, represented by BWW Law, a non-redeemable judgment for possession, and that George continued to occupy the property notwithstanding a Notice to Quit.

George acknowledges the "judicial power of the District is vested in the District of Columbia Court of Appeals and the Superior Court," Compl. ¶ 6, and that the Superior Court has "jurisdiction of any civil action or other matter (at law or in equity) brought in the District of Columbia," *id.* (emphasis removed). Yet George asserts that this federal district court "may exercise equity jurisdiction," Compl. ¶ 8; *see id.* ¶ 38, and has filed the instant civil action because she has "no adequate remedy at law," Compl. ¶ 7; *see id.* ¶ 38, in the District of Columbia courts. In addition, George purports to raise claims under the Fourth and Fifth Amendments to the United States Constitution, *see* 2d Am. Compl., Attach. (ECF No. 6 at 7-15) ¶ 14, invoking this Court's "original subject matter jurisdiction over matters involving a question or issue of federal law," *id.* ¶ 12.

A fair reading of the complaint, as amended, belies any true federal claim. Rather, it appears, George brings this civil action for the purpose of challenging the Superior Court's unfavorable rulings. Her demands for relief make her intention clear:

> [George] requests this honorable court of equity to enter an order to
> 1. Immediately enact this BILL QUIA TIMET as an equitable injunction against . . . U.S. Bank . . . to cease all activities to dispossess [George] of her personal shelter . . . ;

> 3. Remove all remaining clouds, claims, or encumbrances on [George's] title to property;
> 4. Grant quiet title declaring [George] as the rightful, exclusive legal owner of the property . . .

Compl. at 8; *see* Am. Compl. at 5; 2d Am. Compl., Attach. ¶ 35. She also demands "the vacatur of every void judgment, order and writ[,]" 2d Am. Compl., Attach. ¶ 35.C., issued by the Superior Court.

Blocking George's road to recovery is the *Rooker-Feldman* doctrine, which "states that a federal district court lacks authority to review a final judicial determination of a state court." *Ananiev*, 37 F. Supp. 3d at 312 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 285 (2005)); *see Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (noting that *Rooker-Feldman* doctrine "channels directly to the Supreme Court all federal review of judicial decisions of state (and D.C.) courts of last resort"). Thus, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)); *see Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam) ("[L]ower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."). "In addition to barring review of issues actually decided by a state court, *Rooker-Feldman* also bars federal district court review of issues 'inextricably intertwined' with a state court's order," *Henneghan*, 2024 WL 3471260, at *2 (citing *Feldman*, 460 U.S. at 483 n.16), and claims are "inextricably intertwined" if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it," *id.*

(citations omitted). The doctrine applies even if the challenge in federal court "allege[s] that the state court's action was unconstitutional." *Feldman* at 486.

Given George's demand for intervention in Superior Court proceedings, for relief from a Superior Court judgment, for nullification of Superior Court orders, and for ownership of property now vested in U.S. Bank, George presents "the functional equivalent of an appeal from a state court," *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (citations omitted), that is, the sort of claim the *Rooker-Feldman* doctrine is designed to prevent, *see Laverpool v. Taylor Bean & Whitaker Reo LLC*, 229 F. Supp. 3d 5, 15 (D.D.C. 2017) (concluding that *Rooker-Feldman* doctrine barred claims seeking "invalidation of the judgment rendered by the Georgia state court confirming and approving foreclosure sale" of plaintiff's residential property).

This Court "lack[s] jurisdiction to review the decisions of other courts, including [decisions] of the D.C. Superior Court." *Dorsey v. District of Columbia Superior Court*, No. 17-cv-0521, 2017 WL 6311536, at *1 (D.D.C. Mar. 22, 2017), *aff'd sub nom. Dorsey v. Superior Court for District of Columbia*, 709 F. App'x 22 (D.C. Cir. 2017) (per curiam). And because "United States district courts do not have authority to review or otherwise interfere with ongoing D.C. Superior Court matters," *Pearson v. United States*, 377 F. App'x 22, 22 (D.C. Cir. 2010) (per curiam) (citations omitted), when presented with a request to do so, the Court must dismiss the claim.

It is hereby

ORDERED that, within 20 days of entry of this Order, George shall show cause in writing why this matter should not be dismissed for lack of subject matter jurisdiction. George's response shall not exceed 10 pages, typewritten and double-spaced, and shall not include attachments or exhibits. It is further

ORDERED that proceedings are STAYED pending further Order of the Court upon resolution of the question of subject matter jurisdiction.

SO ORDERED.

DATE: November 18, 2024                    JIA M. COBB
                                           United States District Judge

Default - Rule 55A                                          (CO 40 Revised-6/2019)

# UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

GEORGE

_____
          Plaintiff(s)

                                        Civil Action: <u>1:24-cv-01598</u>

    v.

US BANK et al

_____
          Defendant(s)

**RE:**    US BANK


## DEFAULT

    It appearing that the above-named defendant(s) failed to plead or otherwise defend this action though duly served  with summons and copy of the complaint      on       9/30/2024      , and  an  affidavit on behalf of the plaintiff having been filed, it is this __28__ day of _____October_____, __2024__ declared that defendant(s) is/are in default.


ANGELA D. CAESAR, Clerk


By:    _____/s/ Dwight Patterson_____
                    Deputy Clerk

Default - Rule 55A                                            (CO 40 Revised-6/2019)

# UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

GEORGE

_____
Plaintiff(s)

Civil Action: 1:24-cv-01598

v.

US BANK et al

_____
Defendant(s)

RE:      BWW LAW GROUP

## DEFAULT

It appearing that the above-named defendant(s) failed to plead or otherwise defend this action though duly served with summons and copy of the complaint on 9/25/2024 , and an affidavit on behalf of the plaintiff having been filed, it is this __28__ day of ____October____ , _2024_ declared that defendant(s) is/are in default.

ANGELA D. CAESAR, Clerk

By:      /s/ Dwight Patterson
_____
Deputy Clerk

1:24-cv-01598-JMC

## IN THE DISTRICT COURT OF T]

| | |
|---|---|
| Gayle George, | Case No. 1:24-CV-01598 |
| v. | |
| US Bank et. al., Defendants | **Motion to Strike Respondent's Motion to Dismiss** |

RECEIVED Mail Room

NOV 1 _ 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

### Introduction

COMES NOW Gayle George, hereinafter Relator, at all times the sole benefactor and beneficiary of the public trust in this matter entitled to constitutional protections of her home and private property guaranteed in Article 1, Section 8 of the US Constitution by which Congress retains ultimate legislative authority over the District of Columbia [1] with this Motion to Strike the Superior Court's late appearance and dispositive motion to dismiss and states in support:

1. On August 28, 2024, this court granted Relator's motion for leave to file its Second Amended Bill Quia Timet for equitable relief to quiet and remove clouds on the title to her home and private shelter of 18 years.

2. The complaint was first served on Teresa Spada, General Counsel for the Superior Court of the District of Columbia on August 30, 2024 at her office by process server.

3. After the Court designated respondents identified as potentially having adverse claims in this matter as Defendants, the summons and complaint was served on Herbert Rouson Jr Executive Officer of the Superior Court of the District of Columbia September 25, 2024 pursuant to the court's directive and Federal Rule of Civil Procedure 4 j (2)(A).

---

[1] District of Columbia Self-Government and Governmental Reorganization (Home Rule) Act of 1973.

4. On November 13, 2024, the Superior Court of the District of Columbia finally appeared in this matter with a Motion to Dismiss citing a lack of subject matter jurisdiction.

5. In its motion, Respondent uses a logical fallacy tactic to advance "straw man"arguments about jurisdiction and judicial immunity and subvert the focus of this equitable action.

6. The purpose of a motion to strike is to streamline the legal process by maintaining the focus of the judicial process on the substantive issues that challenge irrelevant, improper or redundant information from parties that do not follow the law, rules, or court orders.

7. Relator enters this motion to strike Respondent's answer for the following three reasons:

### A. Failure to timely file

8. Per the District court's October 3, 2024 order, the Superior Court of the District of Columbia's answer to this action was due October 16, 2024.

9. The Superior Court of the District of Columbia failed to comply with this requirement.

10. Per Federal Rule of Civil Procedure 55a, Relator's Request for an Entry of Default (10/28) and Motion for Default Judgment (11/5) remain pending before this court.

### B. Jurisdiction

11. In the second amended complaint which was GRANTED by this court on August 28, 2024, [2] Relator highlights the points and authorities by which this action was initiated under the federal jurisdiction of the US District Court of the District of Columbia.

12. Respondent cites the Rooker Feldman doctrine as grounds for its jurisdictional challenge by misleadingly framing Relator's Bill Quia Timet to quiet title, remove cloud, preserve equitable interest and beneficial ownership of her home and private shelter, and protect from future irreparable harm as "a challenge to a state court judgment of foreclosure."

---

[2] See Second Amended Complaint on Jurisdiction and Venue.

13. Rooker Feldman fails to disqualify the federal US District Court's jurisdiction over this matter for several reasons:

   a. The Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" [See Lance v. Dennis 546 U.S. 459 (2006)]

   b. The two cases at the heart of the Rooker-Feldman doctrine applied to *plaintiffs* at the trial court level absent any controversy over Constitutionally protected rights.

   c. The Ninth Circuit has held that Rooker Feldman does not bar a federal claim alleging extrinsic fraud or "fraud […] which prevents a party from presenting his claim in court. [See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) (quoting Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981))]

   d. Relator's standing as superior title holder predates any Superior Court judgment.

   e. There has been no genuine judicial action from a court of competent jurisdiction. [3]

   f. The Rooker-Feldman doctrine is inapplicable since the Relator seeks protections from the imminent harm the continued infringement upon her equitable interest and beneficial ownership of her home and private shelter of 18 years will cause.

## C. Judicial Immunity

14. Respondent contends,"...judges enjoy absolute immunity from any liability for damages in connection with judicial acts, unless there is a 'complete absence of all jurisdiction.'"

15. Respondent goes on to cite D.C. Code § 42-816 which in its own words, "...clearly grants the court the authority to order both judicial foreclosure and judicial sale."

16. Relator does not refute the jurisdiction cited DC statutes may give to DC Superior Court judges to rule with impunity under a specific set of statutorily defined parameters.

---

[3] Any judgment rendered by a court that lacks jurisdiction, either of the subject matter, of the parties, or lacks inherent power to enter the particular judgment, or entered an Order which **violated due process** or was **procured through extrinsic or collateral fraud,** is null and void, and **can be attacked at any time, in any court, either directly or collaterally,** provided that the party is properly before the court.

17. Relator's appeals [4] contend those parameters were grossly misapplied in those instances.

18. The enumerated powers of Congress, demonstrate that the mere existence of a rule, statute, or code does not ensure its applicability to any party, property, or circumstance. [5]

19. Similarly, a judge with jurisdiction to rule on a matter properly before her may have a " complete absence of all jurisdiction" to rule over parties, properties, and controversies brought before her under other circumstances.

20. The Superior Court **presumes** jurisdiction over civil matters brought **in the District of Columbia** [6] limited to property owned by or ceded to the United States, controversies of less than $50,000,[7] and matters not exclusive to the US District Court's jurisdiction.[8]

21. The DC Code **assigns** civil jurisdiction to the United States District Court for the District of Columbia for matters pertaining to the distribution of estates, controversies exceeding $50,000 in value, [9] and legal determinations around seizure under eminent domain.[10]

22. National Banking Associations or Bank Holding Companies are not permitted to use state law to enforce any perceived enforceable contract, nor are they permitted to hire state licensed law firms or attorneys to act as debt collectors nor assign substitute trustees. [11]

---

[4] Instead, litigants who feel that a state court proceeding has violated their federal constitutional rights must appeal that judgment through the state court system, and then as appropriate to the United States Supreme Court. See Young v. Murphy, 90 F.3d 1225, 1230 (7th Cir. 1990).

[5] See Notice of Unconscionability generally.

[6] Pursuant to DC Code § 47–2201. Definitions. (d) **"In the District"** and **"within the District"** mean within the exterior limits of the District of Columbia and include all territory within such limits **owned by the United States of America.**

[7] § 11–921 (2) " …the court has jurisdiction of any civil action or other matter, at law or in equity, which is begun in the Superior Court on or after such effective date and in which the amount in controversy does not exceed $50,000."

[8] Pursuant to DC Code § 1–204.31 Judicial Powers."The Superior Court has no jurisdiction over any civil or criminal matter over which a United States court has exclusive jurisdiction pursuant to an Act of Congress."

[9] § 11–501 Civil Jurisdiction. **(H)** involving the enforcement of distribution of **estates** by executors and administrators and the payment or delivery by guardians of money or property belonging to their wards; **(4)** Any civil action (other than a matter over which the Superior Court of the District of Columbia has jurisdiction under paragraph (3) or (4) of section 11-921(a)) begun in the court during the thirty-month period beginning on such effective date wherein the amount in controversy exceeds $50,000.

[10] § 16–1301 Jurisdiction of District Court. "The United States District Court for the District of Columbia has exclusive jurisdiction of all proceedings for the condemnation of real property authorized by subchapters IV and V of this chapter, with full power to hear and determine all issues of law and fact that may arise in the proceedings."

[11] The Bank Holding Company Act of 1956 gave the Federal Reserve broader regulatory powers over bank holding companies.

## Conclusion

23. Relator's Bill Quia Timet claims superior equitable title and beneficial ownership accrued by prescription over the last 18 years of use as her home and private shelter.

24. Relator seeks to quiet title and remove clouds that have been erroneously and fraudulently placed over time to avoid the irreparable harm of displacement.

25. Respondents were summoned, by designation of the US District Court of the District of Columbia, to answer with valid title claims.

26. Only the Superior Court of the District of Columbia has come forward, albeit late, with a Motion to Dismiss Relator's complaint and a request to "be dismissed from this action."

27. With this appearance, the Superior Court defends judgments made on behalf of private, banking interests, [12] which have elected not to appear to state any title interest in the case.

28. Valid title claims to private, non-commercial/industrial/agricultural property hold up in any court of competent jurisdiction to rule on seizures in violation of the takings clause.[13]

29. The US District Court of the District of Columbia is the proper venue for this matter.

WHEREFORE, Relator moves this Court

    A. Strike Respondent's Motion to Dismiss;
    B. Grant Relator's Request for Entry of Default and Default Judgment per Rule 55 and provide any other relief deemed by the court to be just and proper.

UNDER THE LAWS OF GOD, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge. [Cf. 28 USC 1746(1)]

by: /s/ Gayle George, this 14th day of November, year of our lord 2024.

---

[12] Congress has determined that disputes "arising out of transactions involving International or foreign banking" are sufficiently important and have a sufficient nexus to federal interests to be deemed federal questions for purposes of federal court jurisdiction. See 12 U.S.C. 632; # CITIBANK, N.A., PETITIONER V. WELLS FARGO ASIA LIMITED 495 U.S. 660 (1990)

[13] KNICK v. TOWNSHIP OF SCOTT 862 F. 3d 310

Certificate of Service

I hereby further certify that on the 14th day of November 2024, a copy of this Motion to Strike Respondent's Motion to Dismiss was e-served on:

BRIAN L. SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General, Commercial Division

WILLIAM D. BURK, D.C. Bar # 464349 Chief, Land Acquisition and Bankruptcy Section

ANDREW A. GLOVER, D.C. Bar #980735 Assistant Attorney General, District of Columbia
400 6th St., NW, Suite 9100
Washington, D.C. 20001
202-442-9830
andrew.glover@dc.gov
Counsel for the District of Columbia

By:_____ /s/ Gayle George_____
412 Quackenbos Street NW
Washington, DC 20011

# IN THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gayle George, | Case No. 1:24-CV-01598 |
| v. | |
| 412 Quackenbos Street NW Quadrant, et.al. | **Response to Show Cause Order** |

COMES NOW Gayle George, hereinafter Relator, at all times sole benefactor and beneficiary of

the public trust with this Response to the Court's Show Cause Order and states in support:.

### Introduction

*Maxim: One who seeks equity must do equity.* [1]

1. On November 18, 2024, Judge Jia Gunn issued an order for Relator to Show Cause why

    this Bill Quia Timet action in equity to quiet title, remove clouds, preserve her equitable

    interest, and prevent irreparable harm of displacement from her home and private shelter

    of the last 18 years should not be dismissed for lack of subject matter jurisdiction.

2. The court articulates its position that "a fair reading of the complaint, as amended, belies

    any true federal claim" asserting Relator's "demands for relief make her intention clear."

3. The court references Relator's original unamended complaint to draw its conclusions

    which may be why its interpretation of Relator's intention as stated is incorrect.

4. This equitable action was initiated to quiet title to private, non-commercial property.

5. Relator's intention is strictly to remove clouds that have erroneously and fraudulently

    been placed on her claim to superior equitable title and beneficial ownership over time.

6. Relator's beneficial interest and right to legal title predates any instrument used to cloud.

---

[1] *Anstalt v. Ness Energy Int'l, Inc.*, Case No. 10-1218-D (W.D. Okla. Mar. 28, 2012)

## Clarifying the Record

*Equity regards as done, what ought to be done.* [2]

7. On August 28, 2024 Judge Jia Gunn granted Relator's motion for leave to file a Second Amended Bill Quia Timet action in equity to quiet title in the US District Court.

8. Relator named the property in question as the only Defendant in the equitable action.

9. The court's directives on service appear to reflect a joinder of parties made by the court.[3]

10. The court's order offered no clarification about the conversion of potentially interested "Respondent" parties named in the complaint as "Defendants," and neither the case administrator nor clerks of the court could provide any clarification.

11. This conversion may have implications for the court's interpretation of this Bill Quia Timet action in equity to include: what constitutes proper service, the relief being sought, and how parties might be required to respond based on their interest.

12. Rule 19 of the Federal Rules of Civil Procedure requires interested parties to be joined to an action if their "… joinder will not deprive the court of subject-matter jurisdiction. [4]

13. Relator reads Rule 19 to say that named Respondent parties should not be joined as Defendants in this proceeding if that deprives the court of subject matter jurisdiction.

14. There is no prejudice against the rights of any named Respondent party to present a legitimate claim to title without joining the action as a Defendant.

15. Relator's second amended complaint as granted reflects no intention to sue any of the named Respondent parties or to join them to the action as Defendants.

16. Rule 15 compels the court to freely grant leave to amend the complaint "when justice so requires" to further clarify demands for relief or to conform to evidence if necessary.

---

[2] *Rodeck v. U.S.*, 697 F. Supp. 1508 (D. Minn. 1988)

[3] The second amended complaint as amended clarified the property against which this equitable action to quiet title claimed as the sole Defendant after the court terminated US Bank as Defendant with the first amendment

[4] Rule 19 – Required Joinder of Parties (a) Persons Required to Be Joined if Feasible.

## Show Cause Order

Equity regards substance over form. [5]

17. A bill quia timet is a type of equitable relief a party can seek to remove clouds [6] on title and prevent imminent future harm with the following specific traits:

    a. It is an injunction that only prevents future infringements of a right.

    b. It can be used to cancel any instrument, such as a forged or harmful deed.

    c. It is often used in property law to establish the true ownership of a property.

    d. It is used when there is no other way to fix the problem.

18. In a quia timet proceeding to remove a cloud upon the title, the court must grant the relief sought "whether the invalidity of the instrument sought to be canceled appears upon the face of the instrument...or arises solely from facts outside of the instrument." [7]

19. Relator's deliberate styling of this complaint as a Bill Quia Timet action in equity, "construed as a civil complaint" by this court, acknowledges the court's limitation on redressing past infringements of her rights and interests represented by any judgment.

20. All constructive and functional appeals have been pursued in their proper venues.

## On the Question of Jurisdiction

Equity will take jurisdiction to avoid a multiplicity of suits. [8]

21. The record is absent admissible evidence of the court's testimony that:

    a. Relator "defaulted on a mortgage loan secured by the Quackenbos Street property," or that she or the property ever legally qualified for this obligation; [9]

    b. "US Bank acquired the property at a foreclosure sale;"

    c. "US Bank (is) represented by BWW Law;"

    d. "...ownership of property (is) now vested in U.S Bank;"

---

[5] *Union Trust Co. of Maryland v. Townsend*, 101 F. 2d 903 (4th Cir. 1939)

[6] Cunningham v. Gage, 301 Ga. App. 306, 308

[7] Karlen v. Reliance Equities, LLC, 291 Ga. 549, 550 (2012).

[8] *Illinois Steel Co. v. Schroeder*, 113 N.W. Also speaks to the problem of joinder of parties in equity.

[9] Neither subject property nor.

22. Fact witness testimony may be subpoenaed to further address the fallacies behind the court's stated perceptions under oath and correct any associated bias to its disposition.

23. Statutory limitations enumerated in Article 1 Section 8 of the US constitution by which Congress retains ultimate legislative authority over the District of Columbia [10] annul the interests described by the court on private, non-commercial property used as shelter.

24. The court's testimony highlights the need for this equitable action to remove clouds on the title by instruments created from the same foundational premise used by the court.

25. This US District Court has constitutional and statutory authority to hear and determine all issues of law and fact around the seizure of private, non-commercial property and original title disputes concerning federal lands[11] "in the District of Columbia." [12]

26. Congress has determined disputes "arising out of transactions involving international or foreign banking" are sufficiently important and have a sufficient nexus to federal interests to be deemed federal questions for purposes of federal court jurisdiction. CITIBANK, N.A., PETITIONER V. WELLS FARGO ASIA LIMITED 495 U.S. 660 (1990) [13]

### The Rooker Feldman Doctrine

"Equity abhors a forfeiture" [14].

27. In a concurrence recently argued by Chief Judge Sutton of the United States Court of Appeals for the Sixth Circuit wrote, "*Rooker-Feldman* is back to its old tricks of interfering with efforts to vindicate federal rights and misleading federal courts into thinking they have no jurisdiction over cases Congress empowered them to decide." [15]

---

[10] The District of Columbia Self-Government and Governmental Reorganization (Home Rule) Act of 1973
[11] 28 U.S. Code § 1343 - Civil rights and elective franchise
[12] DC Code § 47–2201 judicial power vested "in the District of Columbia" means "the exterior limits of the District of Columbia and includes all territory within such limits **owned by the United States of America**."
[13] § 12 U.S. Code § 632 - Jurisdiction of United States courts; disposition by banks of foreign owned property.
[14] *Bezilla v. Tug Hill Operating, LLC*, Case No. 5:17-cv-123 (N.D.W. Va. Nov. 13, 2017)
[15] *951 F.3d 397 (6th Cir. 2020)* at 405 (Sutton, J., concurring)

28. The enumerated powers of congress provide the constitutional framework for such decisions.

29. On appeal, the Sixth Circuit reversed a District court decision to dismiss *VanderKodde v. Mary Jane M. Elliott, P.C. 51 F.3d 397 (6th Cir. 2020)* for lack of subject-matter jurisdiction.

30. Similar to this court's summary of Relator's claim as "the functional equivalent of an appeal from a state court," the district court dismissed the VanderKodde lawsuit for being "the equivalent of a state-court appeal... barred under the *Rooker-Feldman* doctrine. [16]

31. The Sixth Circuit held that Rooker-Feldman did not bar the District court claim because:

    a. "[The] lawsuit does not seek to undo the writs of garnishment. Just the opposite: The plaintiffs *premise* their federal lawsuit on the existence of the writs of garnishment – the final state court decisions." [17] Instruments used to cloud title.

    b. "Second, the plaintiff's injuries in the federal suit did not *originate* from the writs of garnishment themselves but from the costs included in them." [18] Similarly, Relator seeks protection from future harm not injuries that *originate* from writs.

32. "Judge Sutton accused the doctrine of deceiving federal courts into believing that they lack jurisdiction over cases Congress specifically empowered them to preside over, [19] which he attributed to lower courts 'consistent misinterpretation of *Exxon Mobil*. [20]

33. The court then turns to the "inextricably intertwined" test, formerly the touchstone of the *Rooker-Feldman* analysis until the Supreme Court all but ignored the phrase in its *Exxon Mobil Corp.* opinion. [21] leaving 'inextricably intertwined' with no independent context. [22]

---

[16] *VanderKodde*, 951 F.3d at 401

[17] *951 F.3d 397 (6th Cir. 2020)* at 407 (Sutton, J., concurring)

[18] *Id.*.

[19] *Id.* at 405.

[20] *Id.* at 403.

[21] Sophocleus v. Ala. DOT, 605 F. Supp. 2d 1209, 1216 (M.D. Ala. 2009) "The consequence of the Court's ignoring the phrase means that, after Exxon, lower courts do not know if they must apply 'inextricably applied' or how to do so"

[22] "It is simply a descriptive label attached to claims that meet the requirements outlined in *Exxon Mobil*." Hoblock v. Albany Cnty Bd. of Elections, 422 F.3d 77, 86-87 (2d Cir. 2005).

34. In Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006), the Circuit held that "Feldman's 'inextricably intertwined' language does not create an additional legal test.."

35. "Asking whether something is 'inextricably intertwined' can result in an overly-broad application of *Rooker-Feldman* that ignores the doctrine's underlying principles." [23]

36. The Ninth Circuit held that Rooker-Feldman does not bar a federal claim alleging acts of the type of extrinsic fraud for which firsthand evidence can be subpoenaed under penalty of perjury in this case, as any judgment obtained through extrinsic fraud is void.[24]

37. "It would be a major injustice to refuse to allow parties relief after a judgment is entered hinges on fraudulent activities by the adverse party." [25]

### Conclusion

Equity will not suffer a wrong to be without a remedy. [26]

38. The court should not dismiss this cause because it does not lack subject matter jurisdiction to the quiet title, remove clouds, or protect Relator from irreparable harm.

39. The issue of equitable title does not require "interference in DC Superior Court matters."

40. The equitable relief this Bill Quia Timet action in equity demands as amended falls squarely and exclusively under the jurisdiction of the US District court.

UNDER THE LAWS OF GOD, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge. [Cf. 28 USC 1746(1)]

by: /s/ Gayle George/this 27th day of November, year of our lord 2024.

---

[23] Stuart v. Decision One Mortg. Co., LLC (Inre Stuart), 367 B.R. 541, 554 (Bankr. E.D. Pa. 2007)

[24] Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) (quoting Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981)).

[25] Any judgment rendered by a court that lacks jurisdiction, either of the subject matter, of the parties, or lacks inherent power to enter the particular judgment, or entered an Order which violated due process or was procured through extrinsic or collateral fraud, is null and void, and can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court.

[26] *PCS Nitrogen, Inc. v. Ross Dev. Corp.*, 126 F. Supp. 3d 611, 642 (D.S.C. 2015)

Certificate of Service

I hereby further certify that on the 27th day of November 2024, a copy of this Response to the court's Show Cause Order was e-served on:

BRIAN L. SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General, Commercial Division

WILLIAM D. BURK, D.C. Bar # 464349 Chief, Land Acquisition and Bankruptcy Section

ANDREW A. GLOVER, D.C. Bar #980735 Assistant Attorney General, District of Columbia
400 6th St., NW, Suite 9100
Washington, D.C. 20001
202-442-9830
andrew.glover@dc.gov
Counsel for the District of Columbia

By:_____ /s/ Gayle George _____
412 Quackenbos Street NW
Washington, DC 20011

# IN THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gayle George, | Case No. 1:24-CV-01598 |
| v. | |
| 412 Quackenbos Street NW Quadrant, Washington District of Columbia, Defendants | **Motion to Strike Respondent's Motion to Dismiss** |

## Introduction

COMES NOW Gayle George, hereinafter Relator, at all times benefactor and beneficiary of the public trust entitled to constitutional protections guaranteed by the Bill of Rights and invoking the Enumerated Powers under Article 1, Section 8 of the US Constitution by which Congress retains ultimate legislative authority over the District of Columbia [1] with this Motion to Strike Christine Johnson's Motion to Dismiss Relator's Bill Quia Timet action in equity and states:

## Background

1. On August 28, 2024, this court granted Relator's motion for leave to file its Second Amended Bill Quia Timet action in equity to quiet title, remove clouds, prevent irreparable harm from any unconscionable contract, and preserve her equitable interest in the property named as the only Defendant in this matter.

2. Defaults were entered against BWW Law Group and US Bank on November 18, 2024.

3. On December 3, 2024, Christine Johnson of BWW Law Group appeared allegedly on behalf of US Bank National Association with an **unverified** Motion to Dismiss the matter to subvert the focus of this equitable action to quiet title.

---

[1] District of Columbia Self-Government and Governmental Reorganization (Home Rule) Act of 1973.

4. This subversion begins with Respondent's first misleading statement, "This litigation concerns a completed foreclosure action in the District of Columbia Superior Court and the subsequent Landlord Tenant Action for possession in the Landlord Tenant Branch of the District of Columbia Superior Court."

5. The record reflects that this litigation is initiated as a Bill Quia Timet action in equity brought by a private woman in her private capacity seeking to quiet title to private property she has peaceably possessed for the last 18 years. [2]

6. A dispositive motion is not appropriate from any Respondent party in this action since Relator is not suing US Bank or BWW Law Group for anything.

7. The appropriate response from a Respondent party in this action is a verified claim to title that allows the court to evaluate any instrument being used to cloud or challenge Relator's claim to superior equitable title and beneficial ownership of the property.

8. Any attorney licensed to practice law through the District of Columbia Court of Appeals under laws of the United States, none of which shall be repugnant to the Constitution, knows or should know that he is a public trustee with a duty to act within the express jurisdiction granted by its public licence.

9. Johnson's entry into this private matter in equity with a motion to dismiss and no legitimate claim to title claim may be construed as a public intrusion into private affairs protected by the 4th, 5th and 14th Amendments to the Constitution, a practice from which public agents in her profession are expected to refrain.

10. The following Rules of Professional Conduct regulate such interference of public agents in the affairs of private people. Those duty bound to follow them by the oaths of their respective offices should carefully consider the implications of their actions:

---

[2] See Mandatory Judicial Notice of Trustee Acknowledgment filed July 8, 2024 in this action.

a. Rule of Professional Conduct 5.5: Unauthorized Practice of Law; Multi-jurisdictional Practice of Law, Law Firms And Associations. "(a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so."

b. Rule of Professional Conduct 1.16: Declining or Terminating Representation. "(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law."

c. Rule of Professional Conduct 3.3: Candor Toward the Tribunal. "(a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal."

11. Attempts of public agents of the court to dispossess Relator of private property in which she has accrued equitable interest, beneficial ownership and prescriptive title is not just a violation of the Rules of Professional Conduct listed above. It is a blatant violation of the enumerated powers of Congress and every oath these public agents of the court have taken to uphold the constitution in good faith.

12. The purpose of a motion to strike is to streamline the judicial process by maintaining the focus on substantive issues that challenge irrelevant, improper, or misleading information from parties that show they do not follow the law, rules, or court orders.

## FURTHER CORRECTION OF THE RECORD

13. Johnson's consistently misleading, erroneous, and unverified claims are riddled with hearsay testimony, sweeping generalizations and faulty interpretations of law.

14. The record reflects numerous additional inaccuracies in Respondent's motion to include:

    a. The record is absent evidence that the property at 412 Quackenbos Street NW Quadrant is the class of income-generating commercial, industrial or agricultural property that ever qualified for a mortgage, that could be subject to foreclosure. [3]

    b. The record is absent evidence that the property qualifies as public housing or publicly owned or controlled property where federal housing programs are administered under HUD, [4] which is the only agency with authority to lawfully carry out any dispossessory action under the District's administrative codes.

    c. The record is absent evidence that Relator ever qualified as the class of "person"[5] who could have received a loan which could have encumbered the property.

    d. The record is absent evidence of the breach of any conscionable contract.

    e. The record is absent evidence that the property at 412 Quackenbos Street NW Quadrant qualifies as the type of public property situated "in the District of Columbia," [6] over which any action brought in the Superior Court of the District of Columbia could claim absolute jurisdiction to adjudicate.

    f. The record is absent evidence of any alleged default.

---

[3] See § 47–813. Classes of property in the Code of the District of Columbia and Notice of Unconscionability generally.

[4] DCMRule10-B2208 limits Eviction to (statutory )"Persons occupying any building or property owned by the District,"

[5] Pursuant to 7 U.S.C. 1922 only statutory "persons" qualify to apply, to wit: the Secretary may make and insure loans under this subchapter to farmers and ranchers in the United States, and to farm cooperatives and private domestic corporations, partnerships, joint operations, trusts, limited liability companies, and such other legal entities as the Secretary considers appropriate, that are controlled by farmers and ranchers and engaged primarily and directly in farming or ranching in the United States, subject to the conditions specified in this section.

[6] Code of the District of Columbia § 47–2201 (d) "in the District" and "within the District" mean within the exterior limits of the District of Columbia and include all territory within such limits owned by the United States of America.

g. The record is absent evidence that title ownership of this private, non-commercial, non-industrial, non-agricultural, non-income producing property was seized with due process given as just compensation.

h. The record is absent evidence of US Bank's alleged acquisition of title interest.

i. The record is absent any express contract or conveyance of any estate interest by which US Bank could claim possession of Relator's home.

j. The record is absent evidence of any express or implied contract, commercial tenancy, estate conveyance or prior dealing between Relator and US Bank which qualifies as a fiduciary relationship.

k. The record is absent evidence that US Bank ever actually held any financial obligation upon which to initiate a foreclosure action.

l. The record is absent evidence that any true sale of property ever transpired.

m. The record is absent evidence that US Bank hired BWW Law Group.

n. There has been no prior federal litigation between Relator and US Bank.

o. The record is absent evidence of US Bank making any payments "on behalf" of Relator or of any contractual arrangement between the parties for such payments.

p. The record is absent evidence that Relator "seeks to impermissibly hold the attorneys who represent an opposing litigant in a collateral cases against her, liable for some undisclosed damages."

q. The record is absent evidence that title has been quieted or that any title claim following Relator's original claim to superior equitable title and beneficial ownership of private property is anything but a cloud on title.

r. Relator is not obliged to vacate her private shelter of 18 years due to title fraud.

15. In Trinsey v Pagliaro the Supreme Court of Pennsylvania says, "Statements of counsel, in brief or in argument, are not sufficient for a motion to dismiss or for summary judgment."

16. Federal Rule of Evidence 802, the "Hearsay Rule" says Hearsay is not admissible..."

## CLOUDS ON TITLE

17. Respondent's claim that "the deed transferring ownership was recorded in the land records for the District of Columbia" evidences one of the clouds on title this Bill Quia Time action in equity is designed to remove since first-hand fact witnesses are available to testify under oath that the instrument allegedly used to accomplish this task is invalid.

18. Respondent makes the following unverified claims, "Plaintiff continues to argue the validity of the lien held by U.S. Bank even though this argument was made to this court in 2010 (case 1:10-cv-01359-ABJ) and relief was denied by this Court"; "This prior litigation between the same parties bars the litigation under the doctrine of *res judicata*."

19. These statements are invalid for several reasons:

    a. The record is absent evidence of any valid lien held by US Bank since Relator had no prior dealing or history of any fiduciary relationship with US Bank.

    b. US Bank was not a party to any federal case with Relator in 2010.

    c. In 2014, the Justice Department reached an historic settlement for the same mortgage fraud alleged in that prior action which was dismissed after a default that held more than a year was vacated due to Relator's inexperience.

    d. Since there was no prior litigation involving the same parties in any federal court, the doctrine of res judicata does not apply.

20. Relator's Bill Quia Timet claims superior equitable title and beneficial ownership by prescription which predates any of the clouds which can be removed by 18 years.

## ON THE MATTER OF JURISDICTION

21. In its Motion, Johnson makes a convoluted argument suggesting then providing "reasons" to request this court to dismiss Relator's complaint "with prejudice." while at the same time asserting that the court lacks subject matter jurisdiction to decide the matter due to res judicata, Rooker Feldman, and a lack of applicable federal questions.

22. Counsel knows or should know that in an appeal from a judgment of the United States District Court for the Southern District of New York (Whitman Knapp, *Judge*) dismissing plaintiff's complaint with prejudice as a procedural sanction, the second circuit court held, " where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice. [7] Further, "A dismissal with prejudice is a "death knell" that courts employ "only as a last resort."" English-Speaking Union v. Johnson, 353 F.3d 1013, 1021 (D.C. Cir. 2004) (quotation marks and citation omitted) "…and because such a dismissal with prejudice is an extreme remedy that sounds the "death knell of a lawsuit," trial courts are reminded that they should use the power of dismissal cautiously, sparingly, and only where a party's conduct is egregious. Cox , 706 So.2d at 46

23. These types of logical fallacies have been advanced as unverified truths absent the findings of fact and conclusions of law that judicial officers are required to apply to suppress the fundamental issues raised in Relator's Bill Quia Timet action in equity.

24. Evidence of this suppression is further illustrated by Respondent's directives to the court, "If this Court finds it does have jurisdiction to hear this matter, it should abstain and allow the D.C. Superior Court to fully resolve this matter since the Plaintiff is already having these issues review in the Appellate Court for the District of Columbia."

---

[7] *Hernandez v. Conriv Realty Associates*, 182 F.3d 121 (2d Cir. 1999)

25. Respondent's attempt to control the proper adjudication of this matter mirrors its explicit requests for specific judges to rule on its motions in DC Superior to ensure that Relator has no adequate remedy at law. "Equity had come not to destroy the law, but to fulfil it. [8]

26. Any claim to title of private, non-commercial, non-industrial, non-agricultural property that only stands within or because of the Superior Court of the District of Columbia must be carefully scrutinized in a court of competent jurisdiction because it could not be valid.

27. Relator's Bill Quia Timet action in equity to quiet title "against all the world" is the only way to resolve this title dispute to distinguish the true owner of the property.

### Federal Question

28. Respondent continues to mislead the court with assertions that, "the quieting of title is not a Federal Question granting this Court subject matter jurisdiction over the issue and the federal statutes claimed in the complaint have no relevance to the relief requested."

29. Pursuant to 28 USC §1346. United States as Defendant, "(f) The district courts shall have exclusive original jurisdiction of civil actions under section 2409a [9] to quiet title to an **estate** or interest in real property in which an **interest is claimed by the United States.**"

30. No respondent party has entered a verified claim to title in this matter, but any property subject to seizure by the US Marshals Service and identified as being "in the District of Columbia" denotes an interest that may in fact be claimed by the United States.

31. Pursuant to DC Code § 47–2201. Definitions. (d) **"In the District"** and **"within the District"** mean within the exterior limits of the District of Columbia and includes all territory within such limits **owned by the United States of America.**

---

[8] Hope Building Corporation, 254 N.Y 1 at 9 (1930),

[9] 28 U.S. Code § 2409a - Real property quiet title actions

32. The canons of statutory construction which requires the consistency of statutes not repugnant to the Constitution considers private property a fundamental right primarily protected against arbitrary government action by the Fifth and Fourteenth Amendments' Due Process Clauses and more directly, through the Fifth Amendment's Takings Clause: "nor shall private property be taken for public use without just compensation."

33. Johnson asserts,"U.S. Bank and BWW are not governmental agencies and this Property was not taken by eminent domain," which renders the engagement of federal government agents to seize private property which is not owned by the United States a direct violation of these fundamental constitutional protections to private property.

34. Johnson refutes Relator's statement about BWW Law Group's alleged client being an international bank subject to federal regulation "...the claim that the Defendant, U.S. Bank is an international or foreign bank, or that section 12 U.S.C.632 in any way pertains to U.S. Bank's rightful ownership of 412 Quackenbos Street, NW, Washington, D.C."

35. The declarations entered for U.S. Bank National Association in this matter describe the same global conglomerate that is regulated by the Office of the Comptroller of the Currency (OCC) under codes, acts, and regulations which obviously imply federal jurisdiction: the **National Bank Act of 1864**, which is 12 U.S.C. 1 et seq. the **Home Owners' Loan Act of 1933**, which is 12 U.S.C. 1461 et seq. and title 12 of the **Code of Federal Regulations, "Banks and Banking"** (12 CFR 1–199).

36. Johnson insists that section 12 U.S.C.632 of the same federal statute which regulates US Bank and limits the types of properties in which any national banking association can take an interest to commercial properties which could be used for business purposes does not pertain to its alleged "rightful ownership" of non-commercial private property.

37. The record will note that no representative from US Bank has come forth to assert title interest in this matter which would be in blatant violation of several federal regulations.

38. Absent proof of the authorities allegedly delegated to BWW to represent US Bank, the question must be raised about whose interest is being represented and protected?

39. Johnson states, "Plaintiff's other federal jurisdictional claims are also an inappropriate as a basis for jurisdiction over this case. Article I, Section 8, Clause 3 of the United States Constitution is the Commerce Clause, which has no bearing on this case."

40. Relator agrees with Johnson's assertion that the "Commerce Clause" **should** have no bearing on this case because the Defendant property at issue is private, non-commercial, non-industrial, non-agricultural, and not income producing.

41. The Commerce Clause **does** however have bearing on the case because each of the judicial actions Johnson names as being the basis for its interest in this action by statutory definition pertains exclusively to commercial properties and statutory "persons" engaged in commerce for which neither Relator nor relator's private property ever qualified.

42. The "rights to possession" Johnson claims on the basis of a "foreclosure" and "mortgage" describe judicial processes initiated under commercial codes which must be regulated by Congress and uphold the "doctrine of conscionability" free from procedural or substantive unconscionability in order to be binding.

43. Since Relator has no history of prior dealing with US Bank, "the Commerce Clause" requires a closer examination of any instrument, alleged conveyance, or biased contract.

44. The clauses cited under Article 1, Section 8 of the US Constitution also have bearing on the case since Congress retains ultimate legislative authority over the District of Columbia under this article pursuant to the (Home Rule) Act of 1973.

45. Johnson dismisses Clauses 10, 14, and 17 as being inapplicable to this matter; however, these enumerated powers of congress limit any franchise licence sworn to the constitution

    a. Clause 10 determines punishments for international felony violations of federal statutes and regulatory offenses as fines and prison sentences of more than a year;

    b. Clause 14 limits congressional power to create the rules for government and the armed forces, not the private affairs or property of private people;

    c. Clause 17 gives Congress the power to exercise exclusive legislative authority over the District and "needful Buildings" not private property.

46. "Congress has determined that disputes "arising out of transactions involving international or foreign banking" are sufficiently important and have a sufficient nexus to federal interests to be deemed federal questions for purposes of federal court jurisdiction. See 12 U.S.C. 632; # CITIBANK, N.A., PETITIONER V. WELLS FARGO ASIA LIMITED 495 U.S. 660 (1990)

47. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated".

48. A US District Court can quiet title to land when there are disputes regarding ownership of a property due to errors in deeds, fraudulent claims, missing documentation, mistakes on official property records, conflicting claims, adverse possession claims, or outstanding liens on the property by effectively clearing the title to establish clear ownership rights.

49. A party claiming ownership to property can file an action to quiet title in the US District Court, notices any other party to bring its valid, verifiable claims into the court of equity for evaluation of the evidence, and adjudication on the merits. Once the owner prevails in a quiet title action, no further challenges to the title can be brought.

ROOKER FELDMAN

50. Johnson purports to be "unclear" about Relator's cause of action, categorizing it as "nothing more" than a "collateral attack" of "conclusory allegations" while at the same time concluding its purpose is barred by res judicata and Rooker Feldman.

51. The intention of the Rooker Feldman doctrine is to establish boundaries which would prevent the US District Courts from sitting in direct review of state court decisions.

52. In practice, United States Court of Appeals for the Sixth Circuit Judge Sutton derides the doctrine for allowing federal courts to avoid deciding federal questions by deferring to state courts as a "heavy docket-clearing device." [10]

53. In its 2020 concurrence on the *Vanderkodde* case, Judge Sutton accused the doctrine of "deceiving federal courts into believing they lack jurisdiction over cases Congress specifically empowered them to preside over" [11] which he "attributed to lower courts' misinterpretation of *Exxon Mobil*." [12] Chief Justice Ruth Bader Gingrich also noted the lower courts' frequent misinterpretation of the Rooker Feldman doctrine.[13]

54. If, however, "a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

55. Relator's Bill Quia Timet action in equity to quiet title raises an independent claim which does not preclude the federal court's jurisdiction on the basis of Rooker Feldman.

---

[10] VanderKodde v. Mary Jane M. Elliott, P.C., 951 F.3d 397
[11] *Id.* at 405.
[12] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)
[13] Id. at 283

56. Respondent notes, "This Court has routinely dismissed cases under the *Rooker-Feldman* Doctrine when the Plaintiff clearly seeks relief designed to invalidate the judgment of another court," citing US District Court decisions from 2018 and 2012.

57. Relator draws the court's attention to new decision issued by the Fifth Circuit Court of Appeals in **2022** that restricts the application of the *Rooker-Feldman* doctrine and repudiates a prior precedent. *Miller v. Dunn*, Case No. 20-11054 (5th Cir. 6/2/22).

58. *Miller* was decided per curiam of Fifth Circuit Judges Wiener, Graves, and Duncan to establish a "new rule" for the application of the Rooker Feldman doctrine, designed to "bring our circuit into alignment with every other circuit to address the question." [14]

59. "The district court *sua sponte* dismissed the case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, pointing to related state- court proceedings pending on appeal. Although the district court found support in a decades-old decision from our court, *see Hale v. Harney*, 786 F.2d 688 (5th Cir. 1986), that precedent has been unequivocally undermined by Supreme Court precedent clarifying the scope of *Rooker-Feldman. Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *accord Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011)."

60. "So, we take this opportunity to clarify that *Hale* is no longer good law and that ***Rooker-Feldman* does not apply to the situation where a state case is pending on appeal when the federal suit is filed.**" "Accordingly, we reverse the district court's judgment and remand for further proceedings consistent with this opinion."

61. This new rule renders Rooker Feldman inapplicable in this case since appeals are pending in every Superior Court decision Respondent cites to disqualify this courts' jurisdiction.[15]

---

[14] *Miller v. Dunn*, Case No. 20-11054 (5th Cir. 6/2/22)

[15] "The Plaintiff in this case has filed four separate appeals to each order entered in the Eviction case and those appeals are currently pending before the case and those appeals are currently pending before the District of Columbia Court of Appeals."

## RES JUDICATA

62. Res judicata is an umbrella term that encompasses both claim preclusion and issue preclusion, also known as collateral estoppel.

63. Collateral estoppel is an affirmative defense. Affirmative defenses can be waived.

64. Pursuant to DCCode § 28–3110 under Title 28.Commercial Instruments and Transactions Chapter 31.Fraudulent Conveyances, "Unless displaced by the provisions of this chapter, the principles of law and equity, including the law merchant and laws relating to principal an agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency or other validating or invalidating cause, supplement the provisions of this chapter."

65. Issue preclusion prevents a party from relitigating an issue only when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Little River Healthcare Holdings, LLC v. Little River Healthcare Holdings, LLC*, 2022 U.S. App. LEXIS 13449 (5th Cir. 5/18/22).

66. Johnson claims that "The Defendants have a meritorious defense to the Second Amended Complaint of the Plaintiff in that the Plaintiff's Complaint to Bill Quia Timet was fully litigated before the Superior Court for the District of Columbia in case 2024 CAB 0965 and the Order dismissing that case is *res judicata* to the Plaintiffs attempts to re-litigate this issue in the Federal Court."

67. Under the doctrine of *res judicata*, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction."

68. Johnson includes a lengthy quote from that case belies significant procedural errors and logical fallacies that disqualifies it from barring this action for the following reasons"

    a. Superior Court for the District of Columbia case 2024 CAB 0965 was not actually or fully litigated as Johnson attempts to further mislead this court.

    b. The following statement reveals the logical fallacy which evidences this truth, "Therefore, the Court does not find a sufficient likelihood of success on the merits as to Plaintiff's claim that Defendant is attempting to wrongfully evict her."

    c. The record shows that Relator's Bill Quia Timet action in equity to quiet title against the property named Defendant in this matter is not a wrongful eviction claim, but a petition for equitable relief since there is no adequate remedy at law.

    d. Relator's supplemental Notice of Unconscionability blatantly states as much.

    e. That court's finding reflects a conclusion which is inconsistent with the claim thereby precluding it from being considered "a valid judgment on the merits."

    f. The court's dismissal includes no findings of fact or conclusions of law to justify its decision to dismiss the entire case instead of simply denying the motion.

    g. Relator has never filed a "Motion to Stay Eviction" so there could be no Court of Appeals denial of such motion on December 8, 2023. Relator has no such record.

    h. The court's dismissal in that matter was not entered with prejudice.

    i. Relator was compelled to find a court of competent jurisdiction to assert her right to superior equitable title and beneficial ownership after being advised in Superior Court that her claim could not be heard by the "sister panel of judges" that decided the other matters which remain on appeal. [16]

---

[16] Such judgment will be set aside upon application in the cause itself if made in due time or by a resort to a court of equity where relief may be properly granted. United States v. Beebe, 180 U.S. 343 (1901).

69. Judicial Review of this matter is pending pursuant to DC Code§ 2–510. [17]

**Equity abhors a forfeiture to aid the vigilant, not those who slumber on their right.**

### Conclusion

70. It is evident that there are many issues at dispute but no genuine issue of material fact.

71. Relator's Bill Quia Timet claims superior equitable title and beneficial ownership accrued by prescription over the last 18 years of use as her home and private shelter.

72. Relator seeks to quiet title and remove clouds that have been erroneously and fraudulently placed over time to avoid the irreparable harm of displacement.

73. Respondents designated as defendants by the US District Court of the District of Columbia, failed to answer the court's summons to enter any valid claims to title.

74. Respondent's dispositive motion, absent proof of the delegated authorities by which it is allegedly appearing, violates the Rules of Professional Conduct it is duty bound to uphold and obfuscates the true intent of this equitable action to quiet title.

75. Since the issue of title raised in this action in equity is an independent claim that has not been adjudicated in any court, equity takes jurisdiction to avoid a multiplicity of suits.

WHEREFORE, Relator moves this Court to:

A. Strike Respondent's Motion to Dismiss;
B. Require Christine Johnson to provide proof of the authorities by which she claims to represent US Bank in this matter;
C. Set a hearing on pending motions and approve subpoenas for fact witness testimony;or
D. Grant Relator's Motion for Summary Judgment; and,
E. Provide any other relief deemed by the court to be just and proper.

---

[17] A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court, *Long v. Shorebank Development Corp.*, 182 F.3d 548 ( C.A. 7 Ill. 1999).

UNDER THE LAWS OF GOD, I affirm that the facts alleged in the foregoing are true and

correct according to my own personal knowledge. [Cf. 28 USC 1746(1)]

by: /s/ Gayle George, this 10th day of December, year of our lord 2024.

Certificate of Service

I hereby further certify that on the 10th day of December 2024, a copy of this Motion to Strike
Respondent's Motion to Dismiss was e-served on:

ANDREW A. GLOVER, D.C. Bar #980735 Assistant Attorney General, District of Columbia
400 6th St., NW, Suite 9100
Washington, D.C. 20001
202-442-9830
andrew.glover@dc.gov
Counsel for the District of Columbia

Christine N. Johnson, Esq. (D.C. Bar # 982165) BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, Maryland 20852

By: /s/ Gayle George
412 Quackenbos Street NW
Washington, DC 20011

**IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Gayle George, | No. 1:24-cv-01598 (JMC) |
| Relator, | VERIFIED MOTION FOR EMERGENCY INJUNCTION AND RESTRAINING ORDER |
| v. | |
| 412 Quackenbos Street NW Quadrant, Washington, District of Columbia | HEARING DEMAND |
| Respondent. | |

## VERIFIED PETITION FOR TEMPORARY INJUNCTION

Gayle George, Relator motions this Honorable Court to issue an emergency injunction and restraining order against any instrument being used to enforce an alleged title interest in the named property and in support states:

### FACTUAL ALLEGATIONS

1. Relator initiated this Bill Quia Timet action in equity as a common law injunction to quiet title, remove clouds, and prevent irreparable harm from an unconscionable contract.

2. Quia Timet is an equitable injunction that means "because he fears" used by one seeking protections of the court to preserve their rights or interests from further encroachment and future harm .

3. On August 28, 2024, this court granted Relator's Motion for Leave to file a Second Amended Complaint and summoned parties with title interest in the property to answer.

4. On November 18, 2024, this court entered defaults against BWW Law Group and US Bank National Association for failing to answer the court's summons to appear with verified title claims to challenge or compete with Relator's claim to superior equitable title and beneficial ownership of the property.

5. As evidence of bad faith, BWW Law Group, allegedly representing US Bank National Association, is attempting to execute an alleged title interest in the property after having failed to do so in this action.

RECEIVED

DEC 04 2024

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

6. An emergency temporary injunction is necessary to protect Relator from the threat of irreparable harm of displacement from her private home and personal shelter while the matter is fully adjudicated.

7. An action for monetary damages would be insufficient to restore Relator to status quo ante, since the harm being threatened involves irreparable damage to the health, well being, longevity, preservation of equitable interest and beneficial ownership, and special needs of women and children facing imminent harm.

8. The threatened harm to Relator of being dispossessed of her home outweighs any substantial harm another party would sustain while its claims to superior title and beneficial ownership are adjudicated.

9. No substantial public interest will be contravened by the injunction sought.

10. Substantial likelihood exists that Relator will prevail in this case, because careful examination of the record combined fact witness testimony under penalty of perjury reflects that there are no material facts at issue.

STANDARD OF REVIEW

11. The standards for issuing temporary restraining orders are identical to the standards for preliminary injunctions. See Long v. Bd. of Educ., Dist. 128, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001). A party seeking a temporary restraining order or preliminary injunction must demonstrate "(1) some likelihood of succeeding on the merits, and (2) that it has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied." Abbott Labs. v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir. 1992). If a plaintiff meets these factors, the court proceeds to "a balancing phase, where it must then consider: (3) the irreparable harm the nonmoving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied; and (4) the public interest, meaning the consequences of granting or denying the injunction to non-parties." Cassell v. Snyders, 990 F.3d 539, 545 (7th Cir. 2021)

**Relator is likely to succeed on the merits.**

12. Relator is likely to succeed on the merits of its claim to superior title since no responsive answer to this Bill Quia Timet action in equity to quiet title presents a genuine issue of material fact refuting.

13. Relator is entitled to the equitable relief sought in this action as a matter of law for the following reasons:

    a.  First, the commercial codes used to construct the instruments clouding title plainly demonstrate an unconstitutional application of statutes as a cloak for fraud to regulate Relator's right to protection from unlawful seizure of private property without due process or just compensation.

    b.  Second, the instruments being used to cloud title impose arbitrary and unreasonable restrictions on Relator's peaceable enjoyment of private non-commercial/industrial/agricultural property for whom equitable title and beneficial ownership has accrued by its prescriptive use over the last 18 years.

    c.  Third, Respondent's actions to enforce these instruments constitute retaliation against the Relator for exercising fourth and fifth Amendment protected rights by public trustees operating in bad faith contrary to the best interests of the beneficiary.

**Relator has no adequate remedy at law and will suffer irreparable harm if equitable relief is denied.**

14. Constitutional violations constitute "proof of an irreparable harm." Preston v. Thompson, 589 F.2d 300, 303, n.3 (7th Cir. 1978). Here, the Relators' constitutionally protected rights have been, and are continuing to be, denied. This 4th and 5th Amendment violation subjects the Relator' to irreparable harm.

15. Irreparable harm is "harm that cannot be repaired and for which money compensation is inadequate." Orr v. Shicker, 953 F.3d 490, 502 (7th Cir. 2020). "Money damages are not adequate" for the loss of First Amendment freedoms. Christian Legal Soc'y, 453 F.3d at 859. Additionally, "[i]mposition of monetary damages that cannot later be recovered for reasons such as sovereign immunity constitutes irreparable injury." Chamber of Com. of U.S. v. Edmondson, 594 F.3d 742, 770–71 (10th Cir. 2010).

**A balance of the harms and the public interest support issuing equitable relief.**

16. "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing public interest." Nken v. Holder, 556 U.S. 418, 435 (2009). "It is 'always in the public interest to prevent the violation of a party's constitutional rights.'" Faust v. Vilsack, 519 F. Supp. 3d 470, 477 (E.D. Wis. 2021) (quoting Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty., Tennessee, 274 F.3d 377, 400 (6th Cir. 2001)). The "public interest would be served" by an injunction against a constitutional violation. Preston, 589 F.2d at 303, n.3.

17. Finally, a temporary restraining order or an injunction will not cause any harm to any Respondent party. The "government suffers no harm from an injunction that merely ends unconstitutional practices and/or ensures that constitutional standards are implemented." Doe v. Kelly, 878 F.3d 710, 718 (9th Cir. 2017); Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati, 363 F.3d 427, 436 (6th Cir. 2004) ("[N]o substantial harm can be shown in the enjoinment of an unconstitutional policy.").

CONCLUSION

18. For the foregoing reasons, Relator respectfully moves this court to immediately enter a restraining order against any party seeking to enforce any instrument against the property named as Defendant in this matter and further grant Relator's motion for a permanent injunction during the pendency of this litigation.

19. Relator moves this Honorable Court to bar any party from taking action to exercise an alleged title interest, together with such other and further relief as the circumstances and demands of justice may warrant. UNDER PENALTIES OF PERJURY I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge.

Dated: December 3, 2024

District of Columbia
Signed and sworn to (or affirmed) before me
on 12/4/24 by _____
        Date       Name(s) of Individual(s) making Statement

Signature of Notarial Officer

Notary Public
Title of Office

My commission expires: 6/14/2028

Respectfully Submitted,

Gayle George, Relator

KEITH W. DOOLEY
NOTARY PUBLIC
MY COMMISSION EXPIRES
6/14/2028
DISTRICT OF COLUMBIA

# IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| Gayle George, | No. 1:24-cv-01598  FILING DEPOSITORY |
|---|---|
| Relator, | VERIFIED MOTION TO SHOW AUTHORITY |
| v. | |
| 412 Quackenbos Street NW Quadrant, Washington, District of Columbia | HEARING DEMAND |
| Respondent. | |

## VERIFIED MOTION TO SHOW AUTHORITY

Gayle George, Relator, motions this Honorable Court to issue an order for Christine Johnson to show proof of the

authorities by which it claims to represent US Bank National Association in this matter and in support states:

### BACKGROUND

1. Relator initiated this Bill Quia Timet action in equity to quiet title, remove clouds, prevent irreparable harm and preserve equitable interest because she fears the implications of an ongoing "title laundering" scheme.

2. "Title laundering" refers to a fraudulent practice used to conceal the true ownership of a property.

3. This trend in "deed fraud" is most often perpetuated by debt collector attorneys adept at manipulating the judicial process, exploiting presumptions of the court, leveraging privileged access to the legal society, and parading evidentiary facts as clouds to mask the ultimate facts which would expose their deception.

4. Detailed chain of title analyses reveal deceptive conveyances, forged signatures, straw buyers, or property recorded to legitimize these complicated schemes to cloud title to private property with "legal" instruments.

5. Perpetrators of this fraud use hearsay and dispositive motions to deflect from claims against them instead of responsively answering with admissible evidence under oath, in good faith, and with clean hands. [1]

---

[1] Rule 602: Need for Personal Knowledge "An attorney's affidavit that is not based upon personal knowledge is without value."

DEC 13 2024

6. Perpetrators of this fraud use statutes as a cloak for fraud under "color of law" by applying commercial codes and public regulations which do not apply to private property.

7. Perpetrators of this fraud often purport to represent parties of interest without ever providing proof of the authorities they were allegedly delegated by the party of interest to counsel.

8. Revealing this fraud does not require a review of judgments typically rendered in other state or local courts.

9. Revealing this fraud does not require relitigating matters which were dispositively decided in other courts.

10. Revealing this fraud only requires a closer examination of the record to distinguish admissible evidence from the hearsay [2] being used to mislead the courts from the true essence of the controversy at hand.

11. The incidence of homelessness in the nation's capital continues to outpace every state in the union because its public officials have failed to identify and check this widespread, systematic fraud on the people .

FACTUAL ALLEGATIONS

12. Relator does not believe Christine Johnson or BWW Law Group represent US Bank National Association in this matter because the record is absent proof of the delegated authorities [3] they have a duty to disclose. [4]

13. Failure to disclose on claims of attorney client privilege violates the ABA's Rules of Professional Conduct.

14. While it is curious for a barred attorney to risk its licensure and extensive penalties [5] for litigating on behalf of a bank "without authority from the directors of such bank, branch, agency, organization or company,[6] the record is absent proof of such authorities and they should not be presumed.

---

[2] "Statements of counsel, in brief or in argument are not sufficient for summary judgment." arguments are not sufficient for a motion to dismiss or for summary judgment." Trinsey v. Pagliaro, 229 F. Supp. 647

[3] "The practice of an attorney filing an **affidavit** on behalf of his client asserting the status of that client is not approved, inasmuch as not only does the affidavit become **hearsay**, but it places the attorney in a position of a #witness, thus compromising his role as an advocate. Porter v. Porter, 274 N.W.2d 235 (N.D. 1979).

[4] FedRule 26. Duty to Disclose ix "proportional to the needs of the case, considering the importance of the issues at stake in the action,"

[5] Shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

[6] 18 U.S. Code § 1005 - Bank entries, reports and transactions

15. Pursuant to Federal Rules of Evidence Rule 301. Presumptions in Civil Cases Generally. "In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally."

16. Pursuant to Federal Rules of Evidence as Rule 901. Authenticating or Identifying Evidence. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is" (by and through) "testimony of a witness with knowledge."

17. 7 C.J.S. Attorney and Client § 62 (1937): An attorney may not even appear in a cause of action without some form of authority from the party on whose behalf he appears. Lofberg v. Aetna Cas. & Sur. Co., 264 Cal. App. 2d 306, 308, 70 Cal. Rptr. 269, 270 (1968).

18. These disclosures are particularly important in matters allegedly involving national banking associations or bank holding companies' since the Code of Federal Regulations definitively limits the types of properties in which banks can take interest to commercial properties "necessary for the transaction of its business." [7]

19. The record is absent evidence that Relator's private, non-commercial, non-industrial, non-agricultural, non-income producing shelter of the last 18 years qualifies as such a property.

20. In addition, the Bank Holding Company Act of 1956 prohibits national banking associations or bank holding companies' from hiring state-licensed law firms or attorneys to act as debt collectors; assigning substitute trustees for conveyances, or using state law to enforce any perceived enforceable contract. [8]

21. To preemptively save the court from any logical fallacy argument about the true nature of this request, Relator is not questioning attorney credentials, legal society affiliations, or a party's right to select counsel.

---

[7] 12 CFR § 7.1024 - National bank or Federal savings association ownership of property.
[8] The Bank Holding Company Act of 1956 gave the Federal Reserve broader regulatory powers over banks and holding companies.

22. Relator is requesting disclosure of the authorities allegedly delegated to Christine Johnson and BWW Law Group by US Bank National Association for the difference between a barred attorney who appears in a matter and one who is actually engaged by a national banking association to represent its alleged title interest in private property requiring such a board-level decision is vast.

## REQUESTS FOR ADMISSION

23. Pursuant to Rule 36. Requests for Admission, this document serves as a written request to admit the truth of the relationship between US Bank National Association and BWW Law Group .(1) Scope. **A party may serve on any other party a written request to admit,** for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) (relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit),

24. Agents lacking authority may be an issue of standing of the Corporation to act." Sturdivant v. BAC Home Loans Servicing, LP COURT OF CIVIL APPEALS OF ALABAMA Dec 16, 2011; 159 So. 3d 15 (Ala. Civ. App. 2011): which would be a significant issue for this proceeding.

25. The Equal Protection Clause of the 14th Amendment to the United States Constitution ensures that people are treated equally under the law and no state can deny equal protection of those laws to anyone.

26. A Memorandum of Points and Authorities relevant to Relator's request is included with this submission.

CONCLUSION

WHEREFORE Respondent hereby moves this honorable Court:

A.  Require Christine Johnson ((D.C. Bar # 982165) to produce admissible evidence that US Bank National Association engaged BWW Law Group to represent its interests in court as stated in her unverified answer.

B.  Require Christine Johnson ((D.C. Bar # 982165) to show proof of the specific authorities designated to BWW Law Group by US Bank National Association in this matter; which should include litigation on private property in the US District Court.

C.  Upon failure to do so,

D.  strike the appearance of Christine Johnson and remove her as counsel of record in these proceedings; and,

E.  Grant such other relief deemed just and proper.


UNDER PENALTIES OF PERJURY I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge.

Respectfully Submitted,

Dated: December 9, 2024

_____

Gayle George, Relator

## MEMORANDUM OF RELEVANT POINTS AND AUTHORITIES

1. ***Title Insurance and Trust Company v. California Development Company***, 168 Cal. 397, 401 (Cal. 1914) is applicable because it clarifies that <u>the presumption of an attorney's authority is disputable</u> and if the attorneys were not authorized they cannot bind the parties they represent to their unauthorized acts: *"The fact that an attorney appears on behalf of a party raises a presumption of 'authority upon his part to do so.' (Garrison v. McGowan, 48 Cal. 592.) But this presumption is disputable, and where it is clearly shown, as it is here, that the attorney was not authorized, the party whom he assumed to represent can found no rights upon the unauthorized act."*

2. ***Lofberg v. Aetna Cas. & Sur. Co.***, 264 Cal. App. 2d 306, 308, 70 Cal. Rptr. 269, 270 (1968) is applicable because it clarifies that <u>Attorneys must have Authority to appear in a case</u>: *"An attorney may not even appear in a cause of action without some form of authority from the party in whose behalf he appears."*

3. ***Ventura County v. Clay***, 119 Cal. 213, 215 (Cal. 1897) is applicable because it shows that <u>Authority of the attorney may be challenged, and without proper Authority, a motion to dismiss was proper because the suit was brought without authority</u>: *"That a motion to dismiss was the proper procedure to take when the authority of the attorney is challenged, <u>there can be no doubt</u>. (Turner v. Caruthers , 17 Cal. 432; Clark v. Willett , <u>35 Cal. 534</u>; Missouri v. Luce , 62 F. 419.) "*

4. ***Clark v. Willett***, 35 Cal. 534, 540 (Cal. 1868) is applicable because it shows that <u>the court may require an attorney to show their authority upon the application of the opposing party,</u> and to further the spirit of justice: *"It has also been held that the Court may require an attorney to show special authority, upon the application of the opposite party, when justice requires it. (McKiernan et al. v. Patrick et al.)"*

5. ***US Ecology, Inc. v. State of California*** (2005) 129 **Cal.App.4th 887, 905** <u>supports the use</u> of out-of-state <u>cases</u> if they involve a similar issue, situation, or assist in serving justice:
   *"Ecology first cites an Indiana case, Chow v. TWA (Ind.Ct.App. 1989) 544 N.E.2d 548... Moreover, the court held that Chow only had to make a "prima facie" showing of error because TWA did not file an appellate brief and **therefore failed to even address the issue of causation**. (Ibid.) Here, by contrast, **justice would not be served** by allowing recovery from defendants for damages that were caused by a third party, not themselves."*

*"Ecology briefly cites another case applying Indiana law, DG Stout, Inc. v. Bacardi Imports, Inc. (N.D.Ind. 1992) 805 F.Supp. 1434, that also held, following Chow, that a plaintiff need not prove causation on a promissory estoppel claim."*

*"As we have already discussed, **there are also several federal and out-of-state cases that have found, without analysis, proximate cause to be a necessary element to a promissory estoppel claim**. Thus, this case, **like those previously cited, offers little help to our analysis**. Moreover, **that case also did not involve the situation presented here** where it was asserted that a third party's actions caused the damages." Finally, Ecology cites a 1948 District of Columbia circuit case, Goodman v. Dicker (D.C. Cir. 1948) 83 U.S. App. D.C. 353 [ 169 F.2d 684]. However, **that case did not hold that causation is not an element of a promissory estoppel claim...It again did not involve the situation presented here**, where it would be unjust to hold a defendant liable for damages it did not cause."*

6. ***Candle Meadow Homeowners Ass'n v. Jackson***, No. 05-17-01227-CV (Tex. App. Nov. 27, 2018) is applicable because it represents <u>Principles common in every State</u> of who has authority to hire a corporate attorney, how a corporate attorney is to be hired, that an attorney must have Authority, and that Authority must be shown when demanded or challenged: *"Generally, an officer of the corporation may not authorize the pursuit of litigation without a delegation of authority from the board of directors. See **Square 67 Dev. Corp. v. Red Oak State Bank**, 559 S.W.2d 136, 138 (Tex. App.—Waco 1977, writ ref'd n.r.e.) (concluding corporation's president was 'not authorized to employ an attorney to conduct litigation for the company absent express authority or implied authority . . . set forth in the bylaws or by proper action of the board of directors')* Further, the Board was required to keep a record of each meeting in the form of minutes of the meeting. *See id.* § 209.0051(d). There was no evidence, such as a notice of a meeting, an agenda, or minutes from a meeting, that the Board ever considered authorizing Sandberg to file the lawsuit." "On this record, we cannot conclude the trial court abused its discretion by determining Sandberg failed to carry his burden to show he had authority to file the lawsuit."

7. **Osborn v. U.S. Bank, 22 U.S. 738, 745-46 (1824)** is applicable because it clarifies that <u>attorneys cannot have Authority without a showing on the record</u>: *"A sufficient authority must be shown for the institution of every legal proceeding. This principle is peculiarly applicable to suits brought in the name of corporations; because, such a body must always appear by attorney, either to institute or defend a legal proceeding." "...it is indispensable that such authority should be produced and filed. This has not been done, and therefore it must be concluded, that the suit is wholly unauthorized by the corporation, in whose name it has been commenced."*

8. **AL Code § 34-3-23. AUTHORITY OF ATTORNEYS IN CASE – PROOF** is applicable because it shows the same established principle show in T.R.C.P. 12: *"The court or judge may, on motion of either party and on being shown reasonable grounds therefore, require the attorney for the adverse party, or for one of the several adverse parties, to produce or prove the authority under which he or she appears and, until he or she does so, may stay all proceedings on behalf of the party for whom he or she assumes to appear;"*

9. **IC 33-43-1-6. REQUIRING ATTORNEY TO PROVE AUTHORITY** is applicable because it shows the same established principle show in T.R.C.P. 12: *"The court or judge may: (1) on motion of either party that shows reasonable grounds; or (2) without a motion; require an attorney to produce and prove the authority under which the attorney appears. The court may stay all proceedings by the attorney on behalf of the party for whom the attorney assumes to appear until the attorney produces and proves authority to appear."*

10. **MN Stat § 481.09. PROOF OF AUTHORITY** is applicable because it shows the same established principle show in T.R.C.P. 12: *"A court, upon motion and hearing, and when reasonable grounds are shown, may require any attorney to prove the attorney's authority to appear and, until such proof is made, may stay all proceedings by the attorney on behalf of the party the attorney assumes to represent."*

11. **California Corporations Code *CORP § 300(a)*** is applicable because it clarifies that <u>the business affairs and all corporate powers are vested in its Board of Directors, and only day to day operations may be delegated outside of that board</u>: *"... the business and affairs of the corporation shall be managed and all*

*corporate powers shall be exercised under the ultimate direction of the board." "The board may delegate the management of the day-to-day operation of the business of the corporation to a management company or other person provided that the business and affairs of the corporation shall be managed and all corporate powers shall be exercised under the ultimate direction of the board."*

12. **California Corporations Code *CORP § 1500*** is applicable because it clarifies that the <u>board of directors must keep records of their meetings</u> and those records must be in a form that can be <u>submitted as evidence</u>: "*Each corporation shall keep adequate and correct books and records of account and shall keep minutes of the proceedings of its shareholders, board and committees of the board and shall keep at its principal office, or at the office of its transfer agent or registrar, a record of its shareholders, giving the names and addresses of all shareholders and the number and class of shares held by each. Those minutes and other books and records shall be kept either in written form or in another form capable of being converted into clearly legible tangible form or in any combination of the foregoing. When minutes and other books and records are kept in a form capable of being converted into clearly legible paper form, the clearly legible paper form into which those minutes and other books and records are converted **shall be admissible in evidence**, and accepted for all other purposes, to the same extent as an original paper record of the same information would have been provided that the paper form accurately portrays the record."*

13. ***Cronus Investments, Inc. v. Concierge Services*** (2005) 35 Cal.4th 376, 390 <u>supports the</u> <u>use of Federal Statutes, Rules and Procedures (in full or in part) in State Courts</u>: "*In Volt, the high court later confirmed that, <u>"While we have held the FAA's 'substantive' provisions — §§ 1 and 2 — are applicable in state as well as federal court</u> [citation], we have never held that §§ 3 and 4, which by their terms appear to apply only to proceedings in federal court [citations], are nonetheless applicable in state court." Volt Info. Sciences v. Leland Stanford Jr. U. (1989) 489 U.S. 468 [103 L.Ed.2d 488, 109 S.Ct. 1248]*

14. MD Rules, Rule 3-308 DEMAND FOR PROOF

When the defendant (plaintiff) desires to raise an issue as to (1) the legal existence of a party, including a partnership or a corporation, (2) the capacity of a party to sue or be sued, (3) the authority of a party to sue or be sued in a representative capacity, (4) the averment of the execution of a written instrument, or (5) the averment of the ownership of a motor vehicle, the defendant (plaintiff) shall do so by specific demand for proof. The demand may be made at any time before the trial is concluded. If not raised by specific demand

for proof, these matters are admitted for the purpose of the pending action. Upon motion of a party upon whom a specific demand for proof is made, the court may continue the trial for a reasonable time to enable the party to obtain the demanded proof.

*15.* **Texas Rules of Civil Procedure RULE 12. ATTORNEY TO SHOW AUTHORITY** is applicable because it establishes the Principle that <u>either party to a suit may cause an attorney to be cited to appear before the court and show his authority to act</u>: *"A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act. The notice of the motion shall be served upon the challenged attorney at least ten days before the hearing on the motion. At the hearing on the motion, **the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party**. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears. The motion may be heard and determined at any time before the parties have announced ready for trial, but the trial shall not be unnecessarily continued or delayed for the hearing."*

*16.* **Trinsey v. Pagliaro, 229 F.Supp. 647 (1964)** – is applicable because it establishes that Attorneys, who are not witnesses and have no first-hand knowledge, cannot put facts onto the record: *"Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment."*

*17.* **Code of the District of Columbia** § 21–2603.01. Statutory power of attorney form. "A document substantially in the following form, and potentially subject to the additional notice requirement of *§ 21-2603.03* for powers governing real estate transactions, may be used to create a statutory power of attorney form that has the meaning and effect prescribed by this chapter:

*18.* **Code of the District of Columbia** § 21–2603.02. Agent's certification "The following optional form may be used by an agent to certify facts concerning a power of attorney.

## VERIFIED STATEMENT IN SUPPORT OF MOTION

I Gayle George, Relator, and under penalty of perjury declare that the foregoing is true and correct.

AFFIANT, has reason to believe that attorneys are appearing in this suit without proper authority.

AFFIANT does not believe the attorneys in this case have any of the following to prove authority:

1. Power of Attorney from US Bank National Association's Board of Directors who at a noticed meeting voted with a majority to hire any attorney at BWW Law Group, Inc. to "represent" the bank in court.

2. DELEGATION OF AUTHORITY from US Bank National Association recorded in accordance with the Chapter 26 of the DC Code, Uniform Power of Attorney Act of the District of Columbia.

3. Authority from Congress as a member of the BAR association to file any documents in a PRIVATE MATTER involving one of the sovereign people as benefactor and beneficiary of the public trust.

By: _____

Gayle George

I, the undersigned, a Notary Public for the District of Columbia, hereby certify that Gayle George, personally known to me, acknowledged and sworn before me on this day that, being informed of the contents of this affidavit, he executed the same voluntarily on this date.

Given by my hand and seal on this date: December 12, 2024

Name: Don H. Kim

My commission expires: 08-31-2028

DON H. KIM
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires August 31, 2028

**IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Gayle Georgge, | No. |
| Relator, | Notice to Clerk |
| v. | HEARING DEMAND |
| 412 Quackenbos Street NW Quadrant, Washington, District of Columbia | |
| Respondent. | |

I, Gayle George, Relator, request the Clerk of the US District Court of the District of Columbia to schedule a hearing on this Verified Motion for Christine Johnson and BWW Law Group allegedly representing US Bank National Association to Show the Authorities it has been allegedly delegated to appear in this matter to be scheduled at the court's earliest availability.

Dated: December 9, 2024

Respectfully Submitted,

Gayle George, Relator

U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT

2024 DEC 24  AM 11: 29

FILING DEPOSITORY

**IN THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Gayle George, | Case No. 1:24-CV-01598 |
| v. | |
| 412 Quackenbos Street NW Quadrant, et.al. | **Opposition to "Motions" Response** |

COMES NOW Gayle George, hereinafter Relator, at all times sole benefactor and beneficiary of

the public trust with this Opposition to Christine Johnson's "Response" and states in support:.

*Maxim: One who seeks equity must do equity.* [1]

1.  On December 20, 2024, Johnson filed a "Response" (29) to Relator's pending motions

    to strike (26), show proof of delegated authorities to litigate for BWW on behalf US

    Bank (28), for emergency injunctive relief (23), and summary judgment (25) requesting

    the court to grant additional time to respond after the stay on these proceedings is lifted.

2.  Relator opposes this disingenuous response as a delay tactic which should be denied.

3.  The court should note that since appearing in this matter, Johnson continues to take

    actions against Relator and the "Defendant" property allegedly on behalf of US Bank

    while this court determines its subject matter jurisdiction to quiet title.

4.  Johnson lacks good faith by failing to produce the evidence required to even justify her

    appearance in this matter with a legitimate challenge to Relator's superior equitable title

5.  Pursuant to 7 C.J.S. Attorney and Client § 62 (1937): An attorney may not even appear in

    a cause of action without some form of authority from the party on whose behalf he

    appears. Lofberg v. Aetna Cas. & Sur. Co., 264 Cal. App. 2d 306, 308, 70 Cal. Rptr. 269, 270 (1968).

---

[1] *Anstalt v. Ness Energy Int'l, Inc.*, Case No. 10-1218-D (W.D. Okla. Mar. 28, 2012)



6. A party toward whom the rebutted presumption [2] is directed bears the burden of proof to produce admissible evidence [3] to validate the presumption.

7. Candor to the Tribunal [4] is a fundamental principle of legal ethics requiring attorneys to refrain from misleading the court either intentionally or through errors and omissions.

8. No extension of time will cure the fact Johnson's failure to produce required delegations of authority must indicate to the court that there is a high probability they do not exist. [5]

9. Public service is a public trust requiring trustees with a fiduciary duty of care to ensure that no harm befalls the true beneficiary. [6]

10. The principle of "justice not for sale, denial, or delay" is a fundamental goal of the legal system reflected in the U.S. District Court of the District of Columbia's court rules.

11. In the interest of justice, this court should order the emergency injunctive relief granted by this Bill Quia Timet action in equity, even while the case is stayed, to preserve Relator's equitable interest and protect the beneficiary from irreparable future harm.

UNDER THE LAWS OF GOD, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge. [Cf. 28 USC 1746(1)]

by: /s/ Gayle George, this 23rd day of December, year of our lord 2024.

---

[2] Rule 301. Presumptions in Civil Cases Generally

[3] Rule 602 – Need for Personal Knowledge

[4] Rules of Professional Conduct 3.3: Candor to the Tribunal

[5] *Candle Meadow Homeowners Ass'n v. Jackson*, No. 05-17-01227-CV (Tex. App. Nov. 27, 2018) is applicable because it represents Principles common in every State of who has authority to hire a corporate attorney, how a corporate attorney is to be hired, that an attorney must have Authority, and that Authority must be shown when demanded or challenged: *"Generally, an officer of the corporation may not authorize the pursuit of litigation without a delegation of authority from the board of directors. See **Square 67 Dev. Corp. v. Red Oak State Bank**, 559 S.W.2d 136, 138 (Tex. App.—Waco 1977, writ ref'd n.r.e.) (concluding corporation's president was 'not authorized to employ an attorney to conduct litigation for the company absent express authority or implied authority . . . set forth in the bylaws or by proper action of the board of directors')* Further, the Board was required to keep a record of each meeting in the form of minutes of the meeting. *See id.* § 209.0051(d). There was no evidence, such as a notice of a meeting, an agenda, or minutes from a meeting, that the Board ever considered authorizing Sandberg to file the lawsuit." "On this record, we cannot conclude the trial court abused its discretion by determining Sandberg failed to carry his burden to show he had authority to file the lawsuit."

[6] 5 CFR § 2635.101 - Basic obligation of public service.

# IN THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gayle George, | Case No. 1:24-CV-01598 |
| v. | |
| 412 Quackenbos Street NW<br>Quadrant, et.al. | **Proposed Order** |

Upon consideration of Relator's Opposition to US Bank and BWW Law Group, LLC's "Response to Pleadings Filed During Stay" and the pending motions to Show Cause regarding the production of required attorney authorities to justify its appearance in this matter, it is this _____day of _____, 2024 hereby

ORDERED that all activities against Relator, the subject property, or any other party to this matter are immediately stayed until the court makes a determination on its subject matter jurisdiction to hear this case.

Also ORDERED, that Christine Johnson immediately produce proof of the delegated authorities by which it claims to represent US Bank on behalf of BWW Law Group, LLC.

_____

Judge

## Certificate of Service

I hereby further certify that on the 23rd day of December 2024, a copy of this Opposition to "Motions" Response was e-served on:

BRIAN L. SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General, Commercial Division

WILLIAM D. BURK, D.C. Bar # 464349 Chief, Land Acquisition and Bankruptcy Section

ANDREW A. GLOVER, D.C. Bar #980735 Assistant Attorney General, District of Columbia
400 6th St., NW, Suite 9100
Washington, D.C. 20001
202-442-9830
andrew.glover@dc.gov
Counsel for the District of Columbia

Christine N. Johnson, Esq. (D.C. Bar # 982165) BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, Maryland 20852

By:_____ /s/ Gayle George_____
412 Quackenbos Street NW
Washington, DC 20011

IN THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA

U.S. COURT OF APPEALS
FOR THE DC CIRCUIT

2025 FEB 30   P  I: 32

FILING DEPOSITORY

| | |
|---|---|
| Gayle George | Case: 1:2024-cv-01598 JMC |
| Petitioner | HEARING DEMAND. |
| v. | |
| 412 Quackenbos Street NW Quadrant, et. al. | MOTION FOR SANCTIONS |
| Respondent | |

## MOTION FOR SANCTIONS

Gayle George, Relator, moves this Court to grant Rule 11(c) sanctions against Christine Johnson (D.C. Bar # 1011614), a debt collector attorney from BWW Law Group LLC allegedly appearing on behalf of US Bank National Association as legal title trustee for Truman 2016 SC6 Title Trust; William Burk, (D.C. Bar # 46434) Chief Land Acquisition and Bankruptcy Section; Andrew Glover, (D.C. Bar # 980735) Assistant Attorney General; David Fisher, Deputy Attorney General, Commercial Division; and Brian Schwalb, Attorney General within the Office of the Attorney General for the District of Columbia appearing for Superior Court of the District of Columbia case # 2022-ltb-02161, hereinafter "Attorneys," for ethics violations and intentional misconduct to defraud Relator of her private shelter of 18 years through criminal collusion, harassment, intimidation, and the abuse of judicial processes and states in support:

## BACKGROUND

1. On August 28, 2024, the court granted Relator's second amended Bill Quia Timet action in equity to quiet title, remove clouds, and prevent irreparable harm with service instructions and answer dates for each of the named respondent parties.

2. On November 5, 2024, Relator requested entries of default on BWW Law Group, US Bank, the Superior Court of the District of Columbia, and the US Marshal Service.

3. On November 13, 2024 Attorneys appeared in DC Superior Court case #2022-ltb-02161 with a Motion to Dismiss for lack of subject matter jurisdiction defending the judge's "absolute immunity" on matters which were not decided in this action.

RECEIVED
Mail Room

MAR - 3 2025

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

4. On November 18, 2024, Judge Jia Cobb placed a stay on the case pending Relator's response to an order to show cause regarding the court's subject matter jurisdiction.

5. Upon inquiry, defaults against BWW Law Group and US Bank posted that same day.

6. On December 3, 2024, another Attorney appeared on behalf of both BWW Law Group and US Bank with a Motion to Dismiss the action for lack of subject matter jurisdiction.

7. On December 20, 2024, Attorneys opposed Relator's request for injunctive relief from its ongoing attempt to claim "judicially acquired" title interest with a request for extended time to respond with proof of the authorities by which it was allegedly retained to litigate.

8. On January 15, 2025, Relator received a fraudulent notice from DC Superior Court case #2022-ltb-02161 ordering "a non-redeemable judgment for possession...in favor of US Bank National Association as legal title trustee for Truman 2016 SC6 title trust ℅ BWW Law Group. LLC and against Gayle George." Exhibit A.

9. According to the notice, an unnamed associate judge held a clandestine, "ex-parte proof hearing" on January 3, 2025 in an unidentified courtroom and rendered the "judgment" for possession of private property which was not identified in the alleged "order."

10. The docket of Superior Court case #2022-ltb-02161 remains absent any corresponding announcement, entry, or evidence of the event. Exhibit B.

11. On January 26, 2025, Pamela Cary in the records department of the Superior Court of the District of Columbia confirmed it had no record of an "ex-parte proof hearing" in case #2022-ltb-02161 during which any such ruling could have been lawfully made. Exhibit C

12. A fraudulent writ of restitution for Relator's home issued the same day the "ex- parte proof hearing" in Superior Court case #2022-ltb-02161 never took place.  Exhibit D

RULES

13. The enumerated powers of Congress prohibit governments from the unlawful taking of private, non-commercial property except through provisions for condemnation and eminent domain with due process as just compensation paid in advance.

14. The Bank Act of 1933 and the Banking Holding Companies Act of 1956 restrict banking entities from taking interest in private property not suitable for commercial use.

15. These acts also require national banking associations to have board-level permissions to engage in any activity that departs from its federally regulated business practices, particularly when it comes to litigation around alleged title interest in private property.

16. The canons of justice require independence and impartiality from judges and justices at every level to avoid impropriety and uphold the integrity of the judicial system.

17. Maxim of Law 4b. He who does a thing by another is considered as doing it himself [i.e., the acts of an agent are the acts of the principal.] Broom, Max. 817, 818, et seq.

## ANALYSIS

18. This fraudulent court notice evidences a particular type of criminal collusion among "parties" with the access and the audacity to disguise illegitimate clouds on the title to private property, which statute and federal regulation restrict them from taking interest, with forged documentation to facilitate the misuse of judicial processes with impunity.

19. Pacific Legal Foundation identifies the high crimes evidenced by these actions as a kind of "state- sponsored" equity theft transacted through title laundering and deed fraud.

20. By unanimous decision, the US Supreme Court has declared such takings, which continue to be sanctioned in the District of Columbia and 12 states, unconstitutional [1] .

21. In his opinion on *Tyler v. Hennepin County*, 598 U.S. 631 (2023), Chief Justice John Roberts wrote, "Minnesota may not extinguish a property interest that it recognizes everywhere else to avoid paying just compensation when it is the one doing the taking." [2]

22. Attorneys' attempts to justify, claim or defend an unlawful title interest allegedly acquired by *judicial* decree in a municipality HUD designated as typically "non-judicial" absent adequate proof of the authorities it was allegedly delegated to appear is a criminal dereliction of their sworn duty to uphold the constitution with good faith and clean hands.

---

[1] *Tyler v. Hennepin County*, 598 U.S. 631 (2023)
[2] I.d.,

23. Not only do Attorneys appearing without a proper delegation of authority compromise their alleged client's right to representation in compliance with relevant federal regulation they may be guilty of legal malpractice, misprision of felony [3] and treason [4] for witnessing, facilitating, engaging in, and failing to report criminal activity while on legal time.

24. Despite the conduct of parties and court officials, the judgment rendered in DC Superior Court case #2022-ltb-02161 was void ab initio since it is predicated on a qualifying "foreclosure" judgment or actual sale of which there is no evidence on the record.

25. Fraudulent judicial orders minimally imply felony violations of DC code sections § 22–1404. Falsely impersonating a public officer or minister; § 22–3227.02. Identity Theft; and § 22–3241 Forgery, with federal implications under 18 USC §1341 Frauds and Swindles; The Hobbs Act 18 U.S.C § 1951 prohibiting extortion or robbery by wrongful use of force or fear, and other criminal codes to be determined by appropriate authorities.

26. While internet/mail fraud and financial crimes investigators from MPD, the FBI, the US Postal Service, US Marshals Service, Inspectors General of the District of Columbia/DOJ /HUD/FTC, the US Attorney General, US Attorney for the District of Columbia, and the Secret Service determine the forensic origins of the fraudulent notice in its proper context, it clearly evidences misconduct that merits a full criminal investigation.

27. This action also places Attorneys in violation of the Rules of Professional Conduct on Competence (1.1); Candor Toward the Tribunal (3.3); Meritorious Claims and Contentions (3.1); Unauthorized Practice of Law (5.5); Fairness to Opposing Party and Counsel (3.4); Impartiality and Decorum of the Tribunal (3.5); and, Misconduct (8.4).

28. As a provider of cash management, payment, and card services to facilitate substantial DC government services and programs, US Bank maintains significant fiscal ties to the District of Columbia which might reasonably impact its courts' ability to rule impartially in civil matters brought for adjudication when US Bank is involved. [5]

---

[3] 18 U.S.C. § 4. - Misprision of Felony

[4] 18 U.S.C. § 2382 - Misprision of Treason

[5] In 2023, the District of Columbia received a significant payout from US Bank ordered by the CFPB for illegal conduct in the provision of some of those same services.

29. Judicial orders which violate constitutional protections on private, non-commercial property and federal standards of public policy are repugnant to the constitution and void.

30. This incident emphasizes the importance of Relator's Bill Quia Timet action in equity to quiet title, remove clouds, and prevent the anticipated, ongoing, and irreparable harm Relator continues to suffer from the violation of constitutional protections against the unlawful public taking of private, non-commercial property without just compensation.

31. Chambers v. NASCO, 501 U.S. 32 (1991) Sanctions in the form of attorney's fees and expenses totaling almost $1 million were upheld by the Supreme Court for the petitioner's (1) attempt to deprive the court of jurisdiction by acts of fraud, (2) filing false and frivolous pleadings, and (3) attempting, by other tactics of delay, oppression, harassment, and massive expense to reduce the respondent to exhausted compliance.

32. "The 14th amendment of the United States Constitution gives everyone a right to due process of law, which includes judgments that comply with the rules and case law." Griffen v. Griffen, 327 U.S. 220, 66 S. Ct. 556, 90 L. Ed. 635

## CONCLUSION

WHERFORE, Gayle George moves this court to impose sanctions appropriate enough to deter continued collusion, fraud, and misconduct on Christine Johnson (D.C. Bar # 1011614), a debt collector attorney from BWW Law Group LLC allegedly appearing on behalf of US Bank, William Burk, (D.C. Bar # 46434) Chief Land Acquisition and Bankruptcy Section; Andrew Glover, (D.C. Bar # 980735) Assistant Attorney General; David Fisher, Deputy Attorney General, Commercial Division; and Brian Schwalb, Attorney General Andrew Glover (D.C. Bar # 980735) of the Office of the Attorney General for the District of Columbia appearing for Superior Court Case of the District of Columbia case # 2022-ltb-02161 and provide any other relief deemed just and proper.

## Verification

UNDER THE GRACE OF GOD, standing in equity, and subject to the penalties of perjury, I, Gayle George, affirm and certify that the facts alleged in the foregoing are true and correct according to my firsthand knowledge and admissible as evidence. I execute this document in honor, retaining all rights and waiving none. Relator requires the acceptance of this request in the furtherance of what is just and moral, equitable and honorable, and in the interest of the Relator as the sole benefactor and beneficiary of the public trust being administered in this action.

Executed on this 28th day of the 2nd month, in the year of our lord 2025.

Peacefully and reverently,

Gayle George

## CERTIFICATE OF SERVICE

I, Gayle George, hereby certify that the foregoing document was filed with the Clerk of the District Court of the District of Columbia on March 3, 2025 which will in turn send electronic notification to the following respondents:

Christine Johnson, Counsel of Record
BWW Law Group, LLC

Andrew Glover, Assistant Attorney General
William D. Burk, D.C. Bar # 46434, Chief, Land Acquisition And Bankruptcy Section
David Fisher, Deputy Attorney General, Commercial Division
Brian Schwalb, Attorney General Of The District Of Columbia
Office of the Attorney General for the District of Columbia

**Case Style:** U.S. BANK, NATIONAL ASSOCOCIATION AS LEGAL TITLE T VS GEORGE, GAYLE

**To:** Gayle George                              **Case Number:** 2022-LTB-002161

## JUDGMENT

This action came before this Court for an Ex Parte Proof Hearing before Associate Judge Judge Landlord & Tenant. With proof being duly presented and the judge having rendered a decision it is on this the 3rd day of January, 2025.

ORDERED that a non-redeemable judgment for possession is entered in favor of U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust C/O BWW Law Group, LLC and against Gayle George.

**Clerk of the Superior Court**

## Seeking Review or Appeal

If a Magistrate Judge decides your matter, you have fourteen calendar days from the date that the judgment is entered to file a Motion for Judicial Review in your case. A party may not submit any new evidence with a Motion for Judicial Review The Motion for Judicial Review of the Magistrate Judge's decision will be reviewed by an Associate Judge.

If an Associate Judge decides your matter or Motion for Judicial Review, you have thirty days from the date that the judgment or order is entered to file a Notice of Appeal with the Clerk of Superior Court's Office who will transmit the Notice of Appeal to the Court of Appeals



B



| | Landlord Tenant: | 2022-LTB-002161 |
|---|---|---|
| | 12/13/2024 | Not to Seek Writ of Rest GR, Writ to be Iss. Ent on the Dkt    (Judicial Officer: McKenna, Juliet J)<br>Alias Writ to issue<br>Signed On:   12/13/2024 |
| | 12/13/2024 | Oral Order Denying    (Judicial Officer: McKenna, Juliet J)<br>Defendant's Motion to recuse Judge McKenna |
| | 12/16/2024 | Order Granting Motion    (Judicial Officer: McKenna, Juliet J)<br>Order granting Plaintiff's Motion to Re-Issue Writ of Restitution. E-filed, e-served, and mailed 12/16/24.<br>Signed on:   12/16/2024 |
| | 12/16/2024 | Notice |
| | 12/16/2024 | Supplemental Filing<br>Party:   Plaintiff U.S. Bank, National Assocociation As Legal Title T |
| | 12/26/2024 | Miscellaneous Docket<br>Sworn statement of Fact<br>Docketed On:   12/26/2024<br>Filed By:   Defendant George, Gayle |
| | 12/26/2024 | Notice of Appeal Filed<br>DCCA Appeal Number:<br>Docketed on:   12/26/2024<br>Filed by:   Defendant George, Gayle |
| | 12/27/2024 | Notice of Appeal (Public) Processed and Forwarded to DCCA<br>b46ab090-2051-48fa-8921-157fc7024b58 |
| | 12/31/2024 | Alias Writ of Restitution Received<br>Docketed On:   12/31/2024<br>Filed By:   Plaintiff U.S. Bank, National Assocociation As Legal Title T |
| | 01/03/2025 | Alias Writ of Restitution Approved |
| | 01/03/2025 | Notice |
| | 01/15/2025 | Order Denying from DCCA |

*201-221 of 221*

Case Summary
CASE INFORMATION
ASSIGNMENT INFORMATION
PARTY INFORMATION
EVENTS AND ORDERS OF THE COURT
OTHER DOCUMENTS
FINANCIAL INFORMATION

✕  ‹  ›

**RE: Remote Transcript Order**

🔹  Summary by Copilot

Wow! Thank you for the update, Ms. Cary. How do I report this fraudulent document?

**From:** Cary, Pamela L. <Pamela.Cary@dccsystem.gov>
**Sent:** Friday, January 24, 2025 1:00 PM
**To:** 'Gayle George' <gaylegeorgei@hotmail.com>
**Subject:** RE: Remote Transcript Order

Good afternoon, Ms. George.  There was no ex parte hearing on 1/2/25.  The last hearing was 12/13/2024.

Pam Cary

**From:** Gayle George <gaylegeorgei@hotmail.com>
**Sent:** Wednesday, January 22, 2025 3:38 PM
**To:** Cary, Pamela L. <Pamela.Cary@dccsystem.gov>
**Subject:** Fw: Remote Transcript Order

*Alias* **Possession Only**

**WRIT OF RESTITUTION**

(301) 961-6555

## Superior Court of the District of Columbia
### CIVIL DIVISION, LANDLORD AND TENANT BRANCH

U.S. Bank National Association as Legal Title
Trustee for truman 2016 scb Title Trust
c/o BWW Law Group, LLC

(240) 482-0799
_____, *Plaintiff*

vs.                                                     L&T 2022 - LTB - 002161

Gayle George
_____, *Defendant*

The President of the United States to the Marshal for said District of Columbia, Greeting:

YOU ARE HEREBY COMMANDED, without delay, to cause the plaintiff to have possession of

premises No. 412 Quackenbos Street NW

Washington, DC 20011

according to his recovery in this action. Return this writ to this Court immediately after you have executed it,

and within seventy-five days from the date hereof, so endorsed as to show when and how you have executed the

same.

Witness, the Honorable Chief Judge of said Court, this **3** day of **January** _____,

A.D. 20 **25**.

███████████ **RKR** ███████████

CLERK OF THE COURT

---

## Superior Court of the District of Columbia
### CIVIL DIVISION, LANDLORD AND TENANT BRANCH

U.S. Bank National Association as Legal Title
Trustee for truman 2016 scb Title Trust
c/o BWW Law Group, LLC          **Alias / Possession Only**
_____, *Plaintiff*

vs.                                          L&T 2022 - LTB - 00216

Name Gayle George
Address 412 Quackenbos Street  NW , *Defendant*
City: Washington, D.C.     20011

You are hereby notified that in the above-entitled cause a writ of possession has been issued,

commanding me to take possession of the premises occupied by you as indicated above, and that I shall, if

ordered by the plaintiff, proceed on any weekday as early as the _____ day of _____, 20 ___

and as late as the _____ day of _____, 20 ___ , at any time to execute said writ, remove any

personal property found thereon and take possession of the premises.

THIS IS YOUR LAST NOTICE.

This _____ day of _____, 20 __

███████████████████

UNITED STATES MARSHAL

by _____

*Deputy Marshal*

CV-436Rev30

L&T _____

**Superior Court
of the District of Columbia**

_____
_____
_____
_____
_____
                                            *Plaintiff*

                    *Vs:*

_____
_____
_____
                                            *Defendant*

**WRIT OF RESTITUTION**

Washington, D.C. _____ , 20___

_____
_____
_____
                                            *U.S. Marshal*

By _____
                                            *Deputy*
_____

CV-456/Nov. 99